William R. Wurm, CA State Bar No. 314600
Wwurm@amundsendavislaw.com
AMUNDSEN DAVIS, LLC
120 South Central Avenue, Suite 700
St. Louis, MO 63105
Telephone:   (314) 719-3700
Facsimile:    (314) 719-3710

ATTORNEYS FOR DEFENDANT FAST RACK EQUIPMENT, LLC
AND MICHAEL HALVERSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| THE NVME GROUP, INC., A California Corporation doing business as RGI SPRAY BOOTH, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL HALVERSON, an individual; FAST RACK EQUIPMENT, LLC a Wisconsin Domestic Limited Liability Company; STACEY MISCHKER, an individual; JD LASER, INC.; and DOES 1 THROUGH 5, inclusive, <br><br> Defendants, | No. _____ <br><br> (Superior Court of California County of San Joaquin <br><br> Court Case No. STK-CV-UIP-2023-7365) <br><br> DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. SECTIONS 1332 AND 1441] <br><br> Complaint Filed: July 17, 2023 <br> Trial Date:       None Set |

Please take notice that Defendants MICHAEL HALVERSON, FAST RACK EQUIPMENT, AND STACEY MISCHKER (collectively, "Fast Rack Defendants") herby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of California, County of San Joaquin, to the United States District Court for the Eastern District of California, and states that the removal is proper for the following reasons:

## I.   **BACKGROUND**

1.   On July 17, 2023, Plaintiff The NVME Group, Inc. d/b/a RGI Spray Booth ("RGI") filed a complaint in the Superior Court of California, County of San Joaquin, entitled, *Complaint for Misappropriation of Trade Secrets; Temporary Protective Order and Injunctive Relief; Permanent Injunction; Breach of Duty of Loyalty; Unfair Business Practices; Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing*. In the Complaint, RGI alleges: six causes of action. A true and correct copy of the courtesy copy of the Summons and Complaint provided to Fast Rack Defendants' counsel are attached as **Exhibit 1**.

2.   RGI has not yet effectuated personal service of the Summons and Complaint on any of the Fast Rack Defendants.

3.   On July 19, 2023, RGI filed an ex parte application for temporary restraining order and an order to show cause ("Ex Parte TRO Application"). A true and correct copy of the courtesy copy of the Ex Parte TRO Application and corresponding documents provided to Fast Rack Defendants' counsel are attached as **Exhibit 2**.

4.   **Exhibits 1** and **2** constitute all of the pleadings provided to the Fast Rack Defendants and/or filed by the Fast Rack Defendants prior to filing this Notice of Removal.

5.   The Superior Court of California, County of San Joaquin scheduled a hearing on the Ex Parte Application for 9:15 am on July 21, 2023.

**II.    TIMELINESS OF REMOVAL**

6.    Removal of this action is timely because this notice is being filed within thirty days of the date Fast Rack Defendants received a copy of the initial pleadings in the case by service or otherwise, pursuant to 28 U.S.C. § 1446(b)(1).

**III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

7.    The Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

8.    **Plaintiff's Citizenship.** RGI represents in the Complaint that it is a California corporation with its principal place of business in San Joaquin County, California, in the city of Tracy. California Secretary of State's public business search indicates that RGI is a California domestic corporation. Therefore, RGI is a citizen of California.

9.    **Defendant Michael Halverson's Citizenship.** Mr. Halverson is a citizen and resident of the State of Wisconsin. Mr. Halverson is domiciled in Wisconsin. Therefore, for diversity jurisdiction purposes, Mr. Halverson's citizenship is Wisconsin.

10.   **Defendant Fast Rack Equipment, LLC's ("Fast Rack") Citizenship.** Fast Rack is a single-member limited liability company. The single member of Fast Rack is Mr. Halverson. Therefore, for diversity jurisdiction purposes, Fast Rack adopt Mr. Halverson's Wisconsin citizenship.

11.   **Defendant Stacey Mischker's Citizenship.** Ms. Mischker is a citizen and resident of the State of Wisconsin. Ms. Mischker is domiciled in Wisconsin. Therefore, for diversity jurisdiction purposes, Ms. Mischker's citizenship is Wisconsin.

12.   **Defendant JD Laser Inc.'s ("JD Laser") Citizenship.** JD Laser is a Wisconsin domestic corporation with its principal place of business located at 1711 Innovation Way, Hartford, WI

53027-9083. Therefore, for diversity jurisdiction purposes, JD Laser is a Wisconsin resident. Upon information and belief, JD Laser has not been personally served and issue has not joined over JD Laser.

13. The John Does have not been identified and, therefore, they have not been personally served and issue has not joined over any John Doe Defendant.

14. Because none of the Defendants have been served, consent is not required for removal by unserved Defendants. As such, the Fast Rack Defendants' consent for removal is all the consent necessary for removal.

15. **Amount in Controversy**. While the Fast Rack Defendants deny any liability as to RGI's claims, the amount of controversy requirement is satisfied.

16. RGI represents in the Complaint that it is entitled to damages in excess of $300,000. Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs, which is the threshold prescribed by 28 U.S.C. § 1446(c)(2).

17. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action because there is complete diversity of citizenship between RGI and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.    VENUE

18. Removal of this case to the United States District Court for the Eastern District of California, Sacramento Division, is proper, because the Eastern District of California is the district embracing the place where the action is pending, pursuant to 28 U.S.C. § 1441(a).

19. Removal of this case is proper pursuant to 28 U.S.C. § 1441(b)(2) because Fast Rack Defendants are not citizens of the State of California.

## V.    NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

20. Pursuant to 28 U.S.C. § 1445(d), written notice of the filing of this Notice of Removal will

be promptly served on Plaintiff and filed with the Clerk of the Superior Court of California, County of San Joaquin.

21. This Notice of Removal will be served on counsel for RGI. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

## VI.   **PRAYER FOR REMOVAL**

Wherefore Fast Rack Defendants pay that this civil action be removed from the Superior Court of California, County of San Joaquin to the United States District Court for the Eastern District of California.


Dated: July 20, 2023


/s/ William R. Wurm


Amundsen Davis, LLC

Attorneys for Defendants

Michael Halverson and

Fast Rack Equipment, LLC

**EXHIBIT 1**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
2023 JUL 17 PM 3: 35
BRANDON E. RILEY CLERK
BY LISA VEGA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICHAEL HALVERSON, an individual; FAST RACK EQUIPMENT, LLC a Wisconsin Domestic Limited Liability Company; STACEY MISCHKER, an individual; JD LASER, INC.; AND DOES 1 THROUGH 25, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THE NVME GROUP, INC. DBA RGI SPRAY BOOTH

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stockton Courthouse
180 E Weber Ave
Stockton CA 95202

CASE NUMBER:
*(Número de):*
STK-CV-UIP-2023-13165

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christine H. Long 199676; Aleshia M. White 170289    (408) 286-5800
10 Almaden Blvd., Eleventh Floor San Jose CA 95113

DATE:   7/17/23        BRANDON E. RILEY   Clerk, by   LISA VEGA   , Deputy
*(Fecha)*                *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1  CHRISTINE H. LONG, CA STATE BAR NO. 199676
   ALESHIA M. WHITE, CA STATE BAR NO. 170289
2  BERLINER COHEN, LLP
   TEN ALMADEN BOULEVARD
3  ELEVENTH FLOOR
   SAN JOSE, CALIFORNIA 95113-2233
4  TELEPHONE: (408) 286-5800
   FACSIMILE: (408) 998-5388
5  christine.long@berliner.com
   aleshia.white@berliner.com
6
   ATTORNEYS FOR PLAINTIFF, THE NVME GROUP, INC.
7  DOING BUSINESS AS RGI SPRAY BOOTH

FILED

2023 JUL 17  PM 3: 35

BRANDON E. RILEY, CLERK

BY  LISA VEGA
        DEPUTY

8                    SUPERIOR COURT OF CALIFORNIA,

9                    COUNTY OF SAN JOAQUIN COUNTY

10 THE NVME GROUP, INC. a California          CASE NO. STK-CV-UIP -2023- 7365
   Corporation doing business as RGI SPRAY
11 BOOTH,
                                              COMPLAINT FOR MISAPPROPRIATION
12          Plaintiff,                        OF TRADE SECRETS; TEMPORARY
                                              PROTECTIVE ORDER AND INJUNCTIVE
13     v.                                     RELIEF; PERMANENT INJUNCTION;
                                              BREACH OF DUTY OF LOYALTY;
14 MICHAEL HALVERSON, an individual;          UNFAIR BUSINESS PRACTICES; BREACH
   FAST RACK EQUIPMENT, LLC a                 OF CONTRACT; BREACH OF IMPLIED
15 Wisconsin Domestic Limited Liability       COVENANT OF GOOD FAITH AND FAIR
   Company; STACEY MISCHKER, an               DEALING
16 individual; JD LASER, INC.; and DOES 1
   through 25, inclusive,
17
            Defendants.
18

19

20        Plaintiff THE NVME GROUP, INC. a California Corporation doing business as RGI SPRAY

21 BOOTH, (hereinafter "Plaintiff" or "RGI") hereby allege as follows:

22        1.      Plaintiff is a corporation organized and existing under the laws of the state of

23 California with its principal place of business in San Joaquin County, California in the City of Tracy,

24 and is, and was, at all times mentioned herein qualified to do business in California.

25        2.      Plaintiff is informed and believes and hereon alleges that Defendant MICHAEL

26 HALVERSON is, and at all times herein relevant was, an individual residing in Outagamie County,

27 Wisconsin in the City of Appleton.  Plaintiff is informed and believes and hereon alleges that

28 Defendant MICHAEL HALVERSON has the required minimum contacts with the State of

                                             -1-

4862-9189-9248v3
AWHITE\28356004

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS; TEMPORARY PROTECTIVE ORDER AND INJUNCTIVE RELIEF;
PERMANENT INJUNCTION; BREACH OF DUTY OF LOYALTY; UNFAIR BUSINESS PRACTICES; BREACH OF CONTRACT;
BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1   California in order to establish jurisdiction over him considering he was in San Joaquin County,

2   California in the City of Tracy to undergo a rigorous three-day training at RGI in order to become an

3   authorized RGI distributor.  He signed the distributor's agreement, which is the subject of this

4   controversy, in San Joaquin County, California in the City of Tracy and he sold RGI's products to

5   customers in California and nationally, through their website-based services.

6          3.      Plaintiff is informed and believes and hereon alleges that Defendant STACEY

7   MISCHKER is, and at all times herein relevant was, an individual residing in Outagamie County,

8   Wisconsin in the City of Appleton. Plaintiff is informed and believes and hereon alleges that

9   Defendant STACEY MISCHKER has the required minimum contacts with the State of California in

10  order to establish jurisdiction over her considering she was an employee of Defendant FAST RACK

11  EQUIPMENT, LLC an authorized RGI distributor, who interacted with RGI's team to facilitate the

12  sale of the product and to assist in the distributions to customers, including California customers.

13         4.      Plaintiff is informed and believes and hereon alleges that Defendant FAST RACK

14  EQUIPMENT, LLC is, and at all times herein relevant was, a Domestic Limited Liability Company

15  with its principal place of business in Outagamie County, Wisconsin in the City of Appleton, and is

16  herein qualified to do business and has done business in California and other locations through its

17  web-based services. Plaintiff is informed and believes and hereon alleges that Defendant FAST

18  RACK EQUIPMENT, LLC has the required minimum contacts with the State of California in order

19  to establish jurisdiction over it considering FAST RACK EQUIPMENT, LLC, through its owner,

20  MICHAEL HALVERSON, was San Joaquin County, California in the City of Tracy to undergo a

21  rigorous three-day training at RGI in order to become an authorized RGI distributor.  MICHAEL

22  HALVERSON, on behalf of FAST RACK EQUIPMENT, LLC. the distributor's agreement was

23  formed, which is the subject of this controversy, in San Joaquin County, California in the City of

24  Tracy, and FAST RACK EQUIPMENT, LLC sold RGI's products to customers in California.

25         5.      Plaintiff is informed and believes and hereon alleges that Defendant JD LASER, INC.

26  is, and at all times herein relevant was, a corporation with its principal place of business in

27  Washington County, Wisconsin in the City of Hartford. Plaintiff is informed and believes and hereon

28  alleges that Defendant JD LASER, INC. has the required minimum contacts with the State of

-2-

4877-4395-3777v2
AWHITE\28356004

1  California in order to establish jurisdiction over it considering it was the agent, servant, joint

2  venturer, partner, and/or employee of FAST RACK EQUIPMENT, LLC, who, through its owner,

3  MICHAEL HALVERSON, was in San Joaquin County, California in the City of Tracy to undergo a

4  rigorous three-day training at RGI in order to become an authorized RGI distributor.  MICHAEL

5  HALVERSON, on behalf of FAST RACK EQUIPMENT, LLC. signed the distributor's agreement,

6  which is the subject of this controversy, in San Joaquin County, California in the City of Tracy, and

7  FAST RACK EQUIPMENT, LLC sold RGI's products to customers in California and nationally,

8  through their website-based services. Further, JD LASER, INC. collaborated with FAST RACK

9  EQUIPMENT, LLC. to fabricate the PRODUCTS that were based on RGI's trade secrets and

10  confidential information and were believed to be sold in California.

11      6.      Plaintiff and Defendants FAST RACK EQUIPMENT, LLC and MICHAEL

12  HALVERSON formed an agreement on or about September 20, 2019, in San Joaquin County,

13  California in the City of Tracy whereby Defendant MICHAEL HALVERSON on behalf of FAST

14  RACK EQUIPMENT, LLC. would be the exclusive distributer of RGI PRODUCTS sold within a

15  certain area, and agreed to be governed by the laws and under the jurisdiction of California.

16      7.      Plaintiff does not know the true names or capacities, whether individual, corporate,

17  associate, or otherwise of Defendants sued herein as DOES 1 through 25, inclusive.  Plaintiff sues

18  said Defendants by such fictitious names and prays leave to amend this Complaint when the true

19  names and capacities of said Defendants have been ascertained.  Plaintiff is informed and believes,

20  and hereon alleges, that said Defendants conducted, participated in, or are responsible for the acts set

21  forth herein, and Plaintiff is further informed and believes, and thereon alleges, that some or all of

22  the said DOE Defendant is in combination, or joint venture relationships with the named Defendants.

23      8.      Plaintiff is informed and believes, and thereon alleges, that at all times herein

24  mentioned, each Defendant was the agent, servant, joint venturer, partner, and/or employee of each

25  and every one of the other Defendants and was acting within the course and scope of their authority,

26  and that each Defendant ratified, authorized, and approved of the acts of each other Defendant.

27      9.      Plaintiff is informed and believes, and thereon alleges, that any acts or omissions

28  attributed herein to a corporation or other business entity were authorized acts, performed by an

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS; TEMPORARY PROTECTIVE ORDER AND INJUNCTIVE RELIEF;
PERMANENT INJUNCTION; BREACH OF DUTY OF LOYALTY; UNFAIR BUSINESS PRACTICES; BREACH OF CONTRACT;
BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1   authorized representative of said entity, acting within the course and scope of their agency or

2   authority, and were ratified by authorized representatives of the entity.

3   **FACTS COMMON TO ALL CAUSES OF ACTION**

4   10.     RGI manufactures spray booths throughout the United States. From automotive spray

5   booths to large cargo booths, RGI creates booth setups for small or large companies, and carries a

6   large array of spray booth products and accessories (collectively "PRODUCTS").

7   11.     At all relevant times, RGI designs, creates, builds and manufactures PRODUCTS,

8   which are then distributed using authorized distributors.

9   12.     When a potential prospect wants to become an authorized distributor to sell RGI

10   products in the local territory, that prospective distributor is required to complete a rigorous three-

11   day onsite training process to understand RGI products, pricing, types of models, and different types

12   of industries.  This training also provides knowledge of how the booths are assembled.  RGI also

13   shows the prospective distributors how the equipment is designed and built to make it easy to install.

14   13.     After training and after the distributors perform their first sell, RGI recommends the

15   distributor performs an installation with one of RGI's technicians present to get a sense of the

16   assembly process as they begin talking to potential clients about how the process works.

17   14.     As RGI distributors, they accompany RGI representatives to trade shows where they

18   obtain knowledge about the industry and the market. One-on-one connections occur on the trade

19   show floor with RGI's client base.

20   15.     During or before 2019, RGI's owner, Napoleon Garcia, first met Defendant

21   Halverson, owner of Defendant Fast Rack, at a woodworking trade show.  At that time, Defendant

22   Halverson was only selling his racks and nothing else. Mr. Garcia encouraged Defendant Halverson

23   to become an authorized RGI distributor as a combination of tools for the end-user.

24   16.     On or about September 20, 2019, Halverson arrived at our facilities in Tracy,

25   California where an agreement was formed for Halverson and Fast Rack to serve as a distributor of

26   RGI's PRODUCTS and to participate in a three-day onsite training to learn about the PRODUCTS

27   he was about to assist Plaintiff sell. According to their agreement, Halverson and Fast Rack obtained

28   the exclusive right to sell and distribute RGI's PRODUCTS in certain areas and agreed to use their

-4-

4877-4395-3777v2
AWHITE\28356004

best efforts to promote the sale and distribution of the PRODUCTS.  In exchange for the exclusive right to sell and distribute RGI's PRODUCTS in a certain area, Halverson and Fast Rack agreed that RGI would be the only brand of products Fast Rack would sell and would avoid any multiline brand sales of similar products.

17.     Defendant Halverson continued to distribute for RGI until about June 2023, when Plaintiff is informed and believes that Defendants sold products that they had manufactured using RGI's designs and drawings for their own benefit, while it continued to identify themselves as an authorized RGI distributor.

18.     During the time he served as an authorized RGI distributor, Defendant Halverson learned about RGI's PRODUCTS and had access to Plaintiff's research, PRODUCTS plans, drawings, sketches, designs, photos, know-how, customer contact information and pricing information related to Plaintiff's PRODUCTS.

19.     Defendants Fast Rack and Halverson acquired enough information during the four year relationship with RGI that Halverson was very knowledgeable about the PRODUCTS, the pricing and installations. Moreover, Defendant Stacey Mischker, who Plaintiff is informed and believes and hereon alleges is Defendant Halverson's sister, worked with RGI's team.  Defendant MISCHKER generated the model numbers and provided pricing to local customer base. As an authorized distributor, RGI worked closely with Defendants to capture as much attention to the brand, connecting Defendants Fast Rack and Halverson to RGI as a partnership.

20.     During or about 2022, RGI noticed a decrease in Defendants' calls, sales and client requests for information which led RGI to believe that Defendant Halverson was removing business from RGI.  Despite several requests to explain the decrease in sales, Defendant Halverson's repeated response was that he had "been busy moving locations and got into a new place."  RGI is informed and believes that Defendants were planning and fabricating equipment based on the knowledge and confidential information received during Defendant Halverson's RGI training and over the course of his relationship with RGI. Unbeknownst to RGI, Defendants were secretly gathering RGI's confidential information to use as a competitor to RGI.

4877-4395-3777v2
AWHITE\28356004

21.     RGI is informed and believes and hereon alleges that Defendants Halverson and Fast Racks engaged Defendant JD Laser, Inc. to assist Defendants Fast Rack and Halverson in fabricating, manufacturing and building equipment based on RGI's confidential information. Defendant JD Laser knew or should have known that it was creating equipment based on RGI's models and confidential information considering RGI's logo was on each model.

22.     RGI's PRODUCTS are unique to the market, and Defendants' products were clearly cloned from those PRODUCTS.  What is so unique about RGI's design compared to the competitors is that RGI sells many of its PRODUCTS on an image basis, so RGI designs the front of its spray booths to be an image or representation of the client's shop. This front is the signature piece design for RGI considering no one in the market has this design on the front paneling for the equipment.

23.     RGI also designs the exhaust plenums to be centralized for airflow where the filter bank is located in the middle of the working environment for the painter. Other spray booth companies supplying full back plenum, which decreases the airflow on the work environment, does design of a center flow. Plenum allows for the painter to easily apply any type of paint without having to breathe the overspray around the area.

24.     These two items are the main signature designs Defendants replicated from RGI's PRODUCTS, and which required RGI and required access to confidential information to design and fabricate.

**FIRST CAUSE OF ACTION**

(Misappropriation of Trade Secrets)

The California Uniform Trade Secrets Act ("CUTSA")

California Civil Code § § 3426-3426.11

25.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs l through 24, as though fully set forth herein.

26.     Plaintiff requires immediate court intervention to stop Defendants from misappropriating and selling its trade secrets. The Uniform Trade Secrets Act gives owners of trade secrets a legal right to file a lawsuit in state court when their trade secrets have been stolen or

-6-

4877-4395-3777v2
AWHITE\28356004

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS; TEMPORARY PROTECTIVE ORDER AND INJUNCTIVE RELIEF;
PERMANENT INJUNCTION; BREACH OF DUTY OF LOYALTY; UNFAIR BUSINESS PRACTICES; BREACH OF CONTRACT;
BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

misappropriated. California's version of the Uniform Trade Secrets Act is codified in Cal. Civil Code § § 3426-3426.11, ("CUTSA"), and authorizes a court to enjoin the actual or threatened misappropriation of trade secrets. A claim under CUTSA exists when: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff.

27.     As alleged above, Plaintiff owns the trade secret to the RGI PRODUCTS considering it performed the research, created the design, plans, drawings, sketches, photos, know-how, and generated customer contact information and purchasing information related to Plaintiff's PRODUCTS.

28.     As alleged above, Defendants acquired, disclosed, and used the plaintiff's trade secret through improper means.  Although Defendant Halverson and Mischker were supposed to work as distributors and assist in selling RGI's PRODUCTS, they misrepresented their intentions to acquire confidential information, breach their duty to maintain secrecy and disclosed RGI's trade secrets to Defendant JD Laser, who in combination with Defendants used RGI's trade secrets to fabricated identical equipment for sell.

29.     Defendants' action has damaged Plaintiff's economic advantage, reduced sells and will continue to cause economic damage if allowed to attend trades shows, including ones where Plaintiff will sell the same PRODUCTS.

30.     The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, and justify an award of exemplary and punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth below.

## SECOND CAUSE OF ACTION

### (Breach of Duty to Maintain Secrecy of Confidential Information)

31.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs l through 30, as though fully set forth herein.

32.     As an authorized RGI distributor, Defendant Halverson/Fast Rack owed a duty to maintain the confidentiality of the information it obtained through the training it received from RGI.

-7-

4877-4395-3777v2
AWHITE\28356004

33.      RGI took careful measures to maintain the secrecy of its PRODUCTS, allowing only authorized agents to access this confidential information.  RGI's PRODUCTS are valuable because their design and drawings are unknown to others and RGI has attempted to keep them secret.

34.      Defendants breached that duty to maintain the secrecy of RGI's PRODUCTS when it acquired, disclosed, and used the Plaintiff's trade secret through improper means.

35.      As a direct and proximate result of that breach, Plaintiff has suffered harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

<u>(Unjust Enrichment)</u>

<u>(Defendants Halverson, Fast Rack and Mischker)</u>

36.      Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs l through 35, as though fully set forth herein.

37.      During or about 2022, RGI noticed a decrease in Defendant Halverson's calls, sales and client requests for information which led RGI to believe that Defendant Halverson was removing business from RGI. RGI requested several times for Defendant Halverson to explain the decrease in sales, but he only stated that he had "been busy moving locations and got into a new place."

38.      Plaintiff is informed and believe and hereon alleges that that Defendants Halverson, JD Laser and Mischker were planning and fabricating equipment based on the knowledge and confidential information received during Defendant Halverson's RGI training and over the course of his relationship with RGI and while Defendant Mischker worked at RGI's offices. RCI did not know at that time that they were secretly gathering RGI's confidential information to use as a competitor to RGI.

39.      Plaintiff believes and hereon alleges that Defendants began selling Plaintiff's PRODUCTS for themselves at the same time that it was supposed to sell the PRODUCTS on behalf of Plaintiff resulting in Defendants wrongfully obtaining proceeds, which were intended to benefit of RGI.

4877-4395-3777v2
AWHITE\28356004

40.      As a direct and proximate result of the acts alleged herein, Defendants have been unjustly enriched in at amount to be proven at trial, and Defendants must be compelled to return and be disgorged of all sums taken from Plaintiff, together with interest thereon.

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as set forth below.

## FOURTH CAUSE OF ACTION

### (Unfair Business Practices)

### (Defendants Halverson, Fast Rack and Mischker)

41.      Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs l through 40.

42.      The aforementioned conduct, including the improper actions taken by Defendants to engage in a practice and pattern of deceit while authorized distributors of Plaintiff including, but not limited to, working for competitors while RGI's authorized distributors, disclosing confidential and proprietary information to competitors/manufacturers, breaching the duty to maintain confidentiality and secrecy of RGI's confidential and proprietary information among other things and engaging in competitive behavior while still RGI's authorized distributor.

43.      These actions collectively amount to unlawful business practices, are unethical, are substantially injurious to consumers, constitute unfair business practices, constitute fraudulent business practices, and constitute unfair competition pursuant to Business and Professional Code section 17200.

44.      As a result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial and is entitled to the remedies available under Business and Professional Code section 17200 et seq., including but not limited to, injunctive relief, disgorgement of all money and benefits paid by RGI during the time of deceit as well as disgorgement of any proceeds received from third parties and restoration of money or property acquired by means of Defendant's wrongful acts.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

(Breach of Contract)

45.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs l through 44, as though fully set forth herein.

46.     On or about September 20, 2019, Fast Rack and RGI formed an agreement for Halverson to serve as a distributor of RGI's PRODUCTS giving Fast Rack exclusive right to sell and distribute RGI's PRODUCTS in certain areas. In return, Fast Rack agreed to use its best efforts to promote the sale and distribution of RGI's PRODUCTS and to sell only RGI brand products, and would avoid any multiline brand sales of similar products.  The parties also agreed to keep RGI PRODUCTS confidential.

47.     As described above, Defendants breached the terms of the Agreement, by improperly using and sharing confidential and proprietary information, failing to use its best efforts to promote the sale and distribution of RGI's PRODUCTS, failing to sell only RGI brand products and becoming Plaintiff's competitor.

48.      As a direct and proximate cause of Defendant's breach, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**

(Breach of Implied Covenant of Good Faith and Fair Dealing)

49.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs l through 48, as though fully set forth herein.

50.     On or about September 20, 2019, Fast Rack and RGI formed an agreement for Halverson to serve as a distributor of RGI's PRODUCTS giving Fast Rack exclusive right to sell and distribute RGI's PRODUCTS in certain areas. In return, Fast Rack agreed to use its best efforts to promote the sale and distribution of RGI's PRODUCTS and to sell only RGI brand products, and would avoid any multiline brand sales of similar products.  The parties also agreed to keep RGI PRODUCTS confidential.

4877-4395-3777v2
AWHITE\28356004

51.     Implied in every agreement is the covenant of good faith and fair dealing. The covenant of good faith and fair dealing exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made.

52.     Defendants and Plaintiff entered into the Agreement whereby Defendant agreed to act on behalf of the Plaintiff and perform certain services pursuant to the written contract. Plaintiff did not receive the benefit of the agreement, however, because Defendant, as noted above, violated the terms of the agreement by improperly using and sharing confidential and proprietary information, failing to use its best efforts to promote the sale and distribution of RGI's PRODUCTS, failing to sell only RGI brand products and becoming Plaintiff's competitor.

53.     As a direct and proximate cause of Defendant's breach, Plaintiff suffered and continues to suffer damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against each Defendant as follows:

1. ON THE FIRST CAUSE OF ACTION: (Misappropriation of Trade Secrets)

   a.   For general damages, according to proof;

   b.   For special damages for damages the Defendants knew or should have known would flow from the misappropriation of trade secrets;

   c.   For injunctive relief including an order restraining Defendants from using RGI's trade secrets or equipment manufacture or fabricated using RGI's trade secrets and other confidential or proprietary information during any of its sales or at any trade show;

   d.   For disgorgement of any profits or proceeds gained from the use of RGI's trade secrets or equipment manufacture or fabricated using RGI's trade secrets and other confidential or proprietary information;

   e.   For restitution damages in an amount according to proof;

   f.   For lost profits proximately caused by Defendants' misappropriation;

   g.   For an award of interest, including prejudgment interest at the legal rate;

   h.   For reasonable attorneys' fees, interest, and costs as permitted by law and any agreement; and

-11-

4877-4395-3777v2
AWHITE\28356004

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS; TEMPORARY PROTECTIVE ORDER AND INJUNCTIVE RELIEF; PERMANENT INJUNCTION; BREACH OF DUTY OF LOYALTY; UNFAIR BUSINESS PRACTICES; BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1          i.    Punitive damages pursuant to Civil Code§ 3294

2          j.    For such other and further relief as the court may deem just and proper.

3     2.   ON THE SECOND CAUSE OF ACTION: Breach of Duty to Maintain Secrecy

4          a.    For general damages, according to proof;

5          b.    For special damages for damages the Defendants knew or should have known would

6                flow from the breach;

7          c.    For injunctive relief including an order restraining Defendants from disclosing or using

8                RGI's confidential information;

9          d.    For disgorgement of any profits or proceeds gained from breach;

10         e.    For lost profits proximately caused by Defendants' disclosing or using RGI's

11               confidential information;

12         f.    For an award of interest, including prejudgment interest at the legal rate;

13         g.    For reasonable attorneys' fees, interest, and costs as permitted by law; and

14         h.    For such other and further relief as the court may deem just and proper.

15    3.   ON THE THIRD CAUSE OF ACTION For Unjust Enrichment.

16         a.    For general damages, according to proof;

17         b.    For special damages for damages the Defendants knew or should have known would

18               flow from the unjust enrichment but of no less than $300,000;

19         c.    For injunctive relief including an order restraining Defendants from disclosing or using

20               RGI's confidential information;

21         d.    For disgorgement of any profits or proceeds gained from the unjust enrichment;

22         e.    For restitution damages in an amount according to proof;

23         f.    For an award of interest, including prejudgment interest at the legal rate;

24         g.    For statutory damages, including reasonable attorneys' fees, penalties and costs;

25         h.    Punitive damages pursuant to Civil Code§ 3294; and

26         i.    For such other and further relief as the court may deem just and proper.

27    4.   ON THE FOURTH CAUSE OF ACTION: Unfair Business Practice

28         a.    For general damages, according to proof;

-12-

4877-4395-3777v2
AWHITE\28356004

b. For special damages for damages the Defendants knew or should have known would flow from the Unfair Business Practice but of no less than $300,000;

c. For injunctive relief including an order restraining Defendants from disclosing or using RGI's confidential information;

d. For disgorgement of any profits or proceeds gained from the unfair business practices;

e. For restitution damages in an amount according to proof;

f. For an award of interest, including prejudgment interest at the legal rate;

g. For statutory damages, including reasonable attorneys' fees, penalties and costs;

h. Punitive damages; and

i. For such other and further relief as the court may deem just and proper.

5.   ON THE FIFTH CAUSE OF ACTION: Breach of Contract

a. For general damages, according to proof;

b. For special damages for damages the Defendants knew or should have known would flow from the breach of contract but of no less than $300,000;

c. For injunctive relief including an order restraining Defendants from disclosing or using RGI's confidential information;

d. For disgorgement of any profits or proceeds gained from breach;

e. For restitution damages in an amount according to proof;

f. For an award of interest, including prejudgment interest at the legal rate;

g. For statutory damages, including reasonable attorneys' fees, penalties and costs;

h. Punitive damages; and

i. For such other and further relief as the court may deem just and proper.

6.   ON THE SIXTH CAUSE OF ACTION: Breach of Implied Covenant of Good Faith and Fair Dealing

a. For general damages, according to proof;

b. For special damages for damages the Defendants knew or should have known would flow from the breach of the implied contract but of no less than $300,000;

c. For restitution damages in an amount according to proof;

-13-

4877-4395-3777v2
AWHITE\28356004

1      d.   For an award of interest, including prejudgment interest at the legal rate;

2      e.   For statutory damages, including reasonable attorneys' fees, penalties and costs;

3      f.   For such other and further relief as the court may deem just and proper.

5   DATED:  JULY 17, 2023                    BERLINER COHEN, LLP

6
                                             BY:  _____
7                                                 CHRISTINE H. LONG
                                                  ALESHIA M. WHITE
8                                                 ATTORNEYS FOR PLAINTIFFS
                                                  THE NVME GROUP, INC. DOING BUSINESS AS
9                                                 RGI SPRAY BOOTH, EQUIPMENT SOLUTION

-14-

4877-4395-3777v2
AWHITE\28356004

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christine H. Long SBN: 199676; Aleshia M. White SN: 170289<br>Berliner Cohen, LLP<br>10 Almaden Blvd., Eleventh Floor San Jose CA 95113<br>　TELEPHONE NO.: **(408) 286-5800**　　FAX NO. *(Optional):* **(408) 998-5388**<br>　E-MAIL ADDRESS: **christine.long@berliner.com; aleshia.white@berliner.com**<br>　ATTORNEY FOR *(Name):* THE NVME GROUP, INC. DBA RGI SPRAY BOOTH | FILED<br><br>2023 JUL 17  PM 3: 35<br><br>BRANDON E. RILEY CLERK<br>LISA VEGA<br>BY_____<br>　　　　DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Joaquin**
　STREET ADDRESS: **180 E Weber Ave**
　MAILING ADDRESS:
CITY AND ZIP CODE: **Stockton 95202**
　BRANCH NAME: **Stockton Courthouse**

| CASE NAME:<br>THE NVME GROUP, INC. DBA RGI SPRAY BOOTH v. MICHAEL HALVERSON, et al. | |
|---|---|
| **CIVIL CASE COVER SHEET**　　　**Complex Case Designation** | CASE NUMBER:<br>STK-CV-UIP-2023- **7365** |
| ☑ Unlimited　☐ Limited　☐ Counter　☐ Joinder | |
| (Amount　(Amount<br>demanded　demanded is<br>exceeds $25,000)　$25,000 or less)　Filed with first appearance by defendant<br>　　　　　　(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.　Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | 　　condemnation (14) | 　above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | 　types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☑ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2.　This case ☐ is ☑ is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
　　factors requiring exceptional judicial management:
　a. ☐ Large number of separately represented parties　　d. ☐ Large number of witnesses
　b. ☐ Extensive motion practice raising difficult or novel　e. ☐ Coordination with related actions pending in one or more
　　　　issues that will be time-consuming to resolve　　　　courts in other counties, states, or countries, or in a federal
　c. ☐ Substantial amount of documentary evidence　　　　court
　　　　　　　　　　　　　　　　　　　　　f. ☐ Substantial postjudgment judicial supervision
3.　Remedies sought *(check all that apply):* a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4.　Number of causes of action *(specify):*
5.　This case ☐ is ☑ is not　a class action suit.
6.　If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: **July 17, 2023**
**Aleshia M. White**
　　　(TYPE OR PRINT NAME)　　　▶　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
　under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
　in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
　other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 2

Form Adopted for Mandatory Use　　　**CIVIL CASE COVER SHEET**　　Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California　　　　　　　　　　　　　　　　Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. September 1, 2021]　　　　　　　　　　　　　　　　　*www.courts.ca.gov*

*FILE BY FAX*

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

Case 2:25-cv-01453-LK-KD Document 1 Filed 07/20/25 Page 22 of 74

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: **Christine H. Long SBN: 199676; Aleshia M. White SBN: 170289**
FIRM NAME: **Berliner Cohen, LLP**
STREET ADDRESS: **10 Almaden Blvd., Eleventh Floor**
CITY: **San Jose**   STATE: **CA**   ZIP CODE: **95113**
TELEPHONE NO.: **(408) 286-5800**   FAX NO. : **(408) 998-5388**
E-MAIL ADDRESS: **christine.long@berliner.com; aleshia.white@berliner.com**
ATTORNEY FOR (Name): **THE NVME GROUP, INC. DBA RGI SPRAY BOOTH**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Joaquin
STREET ADDRESS: **180 E Weber Ave**
MAILING ADDRESS:
CITY AND ZIP CODE: **Stockton 95202**
BRANCH NAME: **Stockton Courthouse**

Plaintiff/Petitioner: **THE NVME GROUP, INC. DBA RGI SPRAY BOOTH**
Defendant/Respondent: **MICHAEL HALVERSON, et al.**

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: **STK-CV-UIP-2023-7365** |
|---|---|

TO *(insert name of party being served):* **Fast Rack Equipment, LLC**

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: **July 19, 2023**

**Aleshia M. White**
(TYPE OR PRINT NAME)   ►   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: _____

_____   ►   _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

*The NVME Group, Inc. v. Michael Halverson, et al.*          Case No. STK-CV-UIP-2023-7365

<u>PROOF OF SERVICE</u>

I, Megan Vijil, declare under penalty of perjury under the laws of the State of California that the following facts are true and correct:

I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. I am an employee of Berliner Cohen, LLP, and my business address is Ten Almaden Boulevard, Eleventh Floor, San Jose, California 95113-2233. On July 19, 2023, I served the following document(s):

NOTICE AND ACKNOWLEDGEMENT OF RECEIPT – FAST RACK EQUIPMENT, LLC

in the following manner:

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth below.

☒ by overnight mail by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by e-mail or electronic transmission. Pursuant to Code of Civil Procedure §1010.6, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below.

<u>Attorneys for Fast Rack Equipment, LLC and Michael Halverson</u>
Alexis M. Hedtke, Esq.
AMUNDSEN DAVIS
2800 East Enterprise Avenue
Appleton, WI 54913
Telephone: (920) 996-0000
E-Mail:  ahedtke@amundsendavislaw.com
keismann@amundsendavislaw.com
dzimmerman@amundsendavislaw.com
ckubiak@amundsendavislaw.com
ldolajeck@amundsendavislaw.com

I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service/Express Mail, Federal Express and other overnight mail services, to wit, that correspondence will be deposited with the United States Postal Service/overnight mail service this same day in the ordinary course of business.

Executed on July 19, 2023, at San Jose, California.

_____
MEGAN VIJIL

4885-8557-7841v1
MVIJIL\28356004

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO: **170289**<br>NAME: **Christine H. Long SBN: 199676; Aleshia M. White SBN: 170289**<br>FIRM NAME: **Berliner Cohen, LLP**<br>STREET ADDRESS: **10 Almaden Blvd., Eleventh Floor**<br>CITY: **San Jose**     STATE: **CA**     ZIP CODE: **95113**<br>TELEPHONE NO.: **(408) 286-5800**     FAX NO. : **(408) 998-5388**<br>E-MAIL ADDRESS: **christine.long@berliner.com; aleshia.white@berliner.com**<br>ATTORNEY FOR (Name): **THE NVME GROUP, INC. DBA RGI SPRAY BOOTH** | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Joaquin**<br>STREET ADDRESS: **180 E Weber Ave**<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: **Stockton 95202**<br>BRANCH NAME: **Stockton Courthouse** |
| Plaintiff/Petitioner: **THE NVME GROUP, INC. DBA RGI SPRAY BOOTH**<br>Defendant/Respondent: **MICHAEL HALVERSON, et al.** |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>**STK-CV-UIP-2023-7365** |

TO *(insert name of party being served):* **Michael Halverson**

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:    **July 19, 2023**

**Aleshia M. White**
<br>_____     ▶   _____
<br>(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: _____

_____     ▶   _____
<br>(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED)        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |

*The NVME Group, Inc. v. Michael Halverson, et al.*       Case No. STK-CV-UIP-2023-7365

<u>PROOF OF SERVICE</u>

I, Megan Vijil, declare under penalty of perjury under the laws of the State of California that the following facts are true and correct:

I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. I am an employee of Berliner Cohen, LLP, and my business address is Ten Almaden Boulevard, Eleventh Floor, San Jose, California 95113-2233. On July 19, 2023, I served the following document(s):

NOTICE AND ACKNOWLEDGEMENT OF RECEIPT – MICHAEL HALVERSON

in the following manner:

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth below.

☒ by overnight mail by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by e-mail or electronic transmission. Pursuant to Code of Civil Procedure §1010.6, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below.

<u>Attorneys for Fast Rack Equipment, LLC and</u>
<u>Michael Halverson</u>
Alexis M. Hedtke, Esq.
AMUNDSEN DAVIS
2800 East Enterprise Avenue
Appleton, WI 54913
Telephone: (920) 996-0000
E-Mail:  ahedtke@amundsendavislaw.com
keismann@amundsendavislaw.com
dzimmerman@amundsendavislaw.com
ckubiak@amundsendavislaw.com
ldolajeck@amundsendavislaw.com

I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service/Express Mail, Federal Express and other overnight mail services, to wit, that correspondence will be deposited with the United States Postal Service/overnight mail service this same day in the ordinary course of business.

Executed on July 19, 2023, at San Jose, California.

_____
MEGAN VIJIL

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UIP-2023-0007365**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 01/19/2024 | Time: 8:45 AM Department: 10D |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE BARBARA KRONLUND IN DEPARTMENT 10D FOR ALL PURPOSES, INCLUDING TRIAL. | Stockton | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/divisions/civil/ .

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 07/17/2023

_____ Lisa Vega _____ ,Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING**

EXHIBIT
2

1  CHRISTINE H. LONG, CA STATE BAR NO. 199676
   ALESHIA M. WHITE, CA STATE BAR NO. 170289
2  BERLINER COHEN, LLP
   TEN ALMADEN BOULEVARD
3  ELEVENTH FLOOR
   SAN JOSE, CALIFORNIA 95113-2233
4  TELEPHONE: (408) 286-5800
   FACSIMILE: (408) 998-5388
5  christine.long@berliner.com
   aleshia.white@berliner.com
6
7  ATTORNEYS FOR PLAINTIFF, THE NVME GROUP, INC.
   DOING BUSINESS AS RGI SPRAY BOOTH

8              SUPERIOR COURT OF CALIFORNIA,

9             COUNTY OF SAN JOAQUIN COUNTY

10 | THE NVME GROUP, INC. a California          | CASE NO. STK-CV-UIP-2023-7365
      Corporation doing business as RGI SPRAY
11   BOOTH,                                      NOTICE OF *EX PARTE* APPLICATION FOR
12            Plaintiff,                         TEMPORARY RESTRAINING ORDER
                                                 AND AN ORDER TO SHOW CAUSE
13       v.
                                                 Date:        July 21, 2023
14 MICHAEL HALVERSON, an individual;             Time:        9:15 a.m.
   FAST RACK EQUIPMENT, LLC a                    Dept.:       10A
15 Wisconsin Domestic Limited Liability          Judge:       Hon. George Abdallah
   Company; STACEY MISCHKER, an                  Action Filed: July 17, 2023
16 individual; JD LASER, INC.; and DOES 1
   through 25, inclusive,
17
             Defendants.
18

19 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE THAT on the date, time and department indicated above in the

21 Superior Court of California, County of San Joaquin, Plaintiff THE NVME GROUP, INC. a

22 California Corporation doing business as RGI SPRAY BOOTH, (hereinafter "Plaintiff" or "RGI")

23 will and hereby does apply for a temporary restraining order pursuant to Code of Civil Procedure

24 sections 3426 through 3426.11, which authorizes a court to enjoin the actual or threatened

25 misappropriation of trade secrets. (§ 3426.2.)" (*CytoDyn of New Mexico, Inc. v. Amerimmune*

26 *Pharmaceuticals, Inc.* (2008) 160 Cal.App.4th 288, 296.)

27

28

                                         -1-

The court will allow parties to appear telephonically using the court's dedicated bridge line. Please call the remote phone number for Dept. 10A at your scheduled date and time. Dept 10A: Call into (209) 992-5590, then follow the prompts and use the Bridge # 6938 and Pin # 3784.

This Application will be based on this Notice of *Ex Parte* Application, the supporting Memorandum of Points and Authorities, and the Declarations of Aleshia M. White, Napoleon Garcia, as well as on the pleadings, documents, records, and files in this action, and such oral and documentary evidence as may be presented at the hearing for this Application.

DATED:  JULY 19, 2023

BERLINER COHEN, LLP

BY: _____
CHRISTINE H. LONG
ALESHIA M. WHITE
ATTORNEYS FOR PLAINTIFF
THE NVME GROUP, INC.
DOING BUSINESS AS RGI SPRAY BOOTH

-2-

NOTICE OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE

1     *The NVME Group, Inc. v. Michael Halverson, et al.*     Case No. STK-CV-UIP-2023-7365

2                <u>PROOF OF SERVICE</u>

3       I, Megan Vijil, declare under penalty of perjury under the laws of the State of California that the following facts are true and correct:

4

5       I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. I am an employee of Berliner Cohen, LLP, and my business address is Ten Almaden Boulevard, Eleventh Floor, San Jose, California 95113-2233. On July 19, 2023, I served the

6 following document(s):

7       NOTICE OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE

8

9 in the following manner:

10    ☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth below.

11

12    ☒    by overnight mail by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

13    ☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

14    ☒    by e-mail or electronic transmission. Pursuant to Code of Civil Procedure §1010.6, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below.

15

16 <u>Attorneys for Fast Rack Equipment, LLC and Michael Halverson</u>

17 Alexis M. Hedtke, Esq.
AMUNDSEN DAVIS

18 2800 East Enterprise Avenue
Appleton, WI 54913

19 Telephone: (920) 996-0000
E-Mail: ahedtke@amundsendavislaw.com

20 keismann@amundsendavislaw.com
dzimmerman@amundsendavislaw.com

21 ckubiak@amundsendavislaw.com
ldolajeck@amundsendavislaw.com

22

23       I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service/Express Mail, Federal Express and other overnight mail services, to wit, that correspondence will be deposited with the United States Postal

24 Service/overnight mail service this same day in the ordinary course of business.

25       Executed on July 19, 2023, at San Jose, California.

26

27                                 _____
                                      MEGAN VIJIL

28

1  CHRISTINE H. LONG, CA STATE BAR NO. 199676
   ALESHIA M. WHITE, CA STATE BAR NO. 170289
2  BERLINER COHEN, LLP
   TEN ALMADEN BOULEVARD
3  ELEVENTH FLOOR
   SAN JOSE, CALIFORNIA 95113-2233
4  TELEPHONE: (408) 286-5800
   FACSIMILE: (408) 998-5388
5  christine.long@berliner.com
   aleshia.white@berliner.com
6

7  ATTORNEYS FOR PLAINTIFF THE NVME GROUP, INC.
   DOING BUSINESS AS RGI SPRAY BOOTH

8                    SUPERIOR COURT OF CALIFORNIA,

9                    COUNTY OF SAN JOAQUIN COUNTY

10  THE NVME GROUP, INC. a California          CASE NO. STK-CV-UIP-7365
    Corporation doing business as RGI SPRAY
11  BOOTH,                                     *EX PARTE* APPLICATION FOR
                                               TEMPORARY RESTRAINING ORDER
12            Plaintiff,                        AND AN ORDER TO SHOW CAUSE AND
                                               MEMORANDUM OF POINTS AND
13       v.                                    AUTHORITIES, IN SUPPORT THEREOF

14  MICHAEL HALVERSON, an individual;
    FAST RACK EQUIPMENT, LLC a               Date:        July 21, 2023
15  Wisconsin Domestic Limited Liability      Time:        9:15 a.m.
    Company; STACEY MISCHKER, an             Dept.:       10A
16  individual; JD LASER, INC.; and DOES 1    Judge:       Hon. George Abdallah
    through 25, inclusive,                    Action Filed: July 17, 2023
17
              Defendants.
18

19       Plaintiff THE NVME GROUP, INC. a California Corporation doing business as RGI

20  SPRAY BOOTH, (hereinafter "Plaintiff" or "RGI") hereby applies for a temporary restraining order

21  enjoining MICHAEL HALVERSON, an individual, and FAST RACK EQUIPMENT, LLC a

22  Wisconsin Domestic Limited Liability Company (collectively "Defendants") and their agents,

23  servants, and employees, from manufacturing, using, selling, distributing, building, retrofitting or

24  otherwise creating spray booths, shelves, or other products based on Plaintiff's research, product

25  plans, drawings, sketches, designs, photos, know-how, customer contact information and purchasing

26  information.

27       This application is made on the grounds that Defendant Halverson worked as a distributor for

28  Plaintiff from September 2019 until about June 2023. During that time, he was given access to and

                                          - 1 -

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE AND MEMORANDUM OF POINTS AND AUTHORITIES, IN SUPPORT THEREOF

learned about RGI's products and design and had access to Plaintiff's research, product plans, drawings, sketches, designs, photos, know-how, customer contact information and purchasing information. Defendant Halverson came to Plaintiff's Tracy, California facility to sign the distributor's agreement and receive training on the product in California and has sold items to California customers.  During training, Defendant Halverson received information related to the research, drawings, design and research on Plaintiff's products.  Defendant Halverson, through his company Defendant Fast Rack, used information he learned in his training and during the years that he worked as a distributor for Plaintiff and Plaintiff's confidential information to build identical products, in essence clone them, that are unique to Plaintiff's.  Defendants even left Plaintiff's name "RGI" on the products that he advertised on his social media and website, as his own.  Now, Defendants have manufactured products, based on the unauthorized use of Plaintiff's trade secrets, to build spray booths and shelves that they intend to sell at The Association of Woodworking & Furnishing Suppliers Fair (AWFS) in Las Vegas, Nevada, July 25 – 28, 2023[1], and which they have been selling on their website advertised in California and throughout the United States.

Plaintiff will suffer irreparable and great harm if Defendants are allowed to manufacture, build and sell spray booths and shelves at AWFS on July 25 through 28, 2023, which are based on Plaintiff's trade secrets.  It is necessary and proper to preserve the status quo pending the resolution of this litigation by enjoining Defendants from manufacturing, using, selling, distributing, building, retrofitting or otherwise creating spray booths, shelves, or other products based on Plaintiff's research, product plans, drawings, sketches, designs, photos, know-how, customer contact information and purchasing information at the AWFS on July 25th.

This application will be based on the Declarations of Napoleon Garcia and Aleshia M. White

/ / /

/ / /

/ / /

/ / /

---

[1] Plaintiff seeks an order from this Court and intends, in turn, to commence an action in Nevada to enforce the order there to preserve the status quo until it may be determined whether the trade secrets were misappropriated.

- 2 -

and the points and authorities filed herewith along with the evidentiary documents and argument presented at the hearing on this matter.

DATED:  JULY 19, 2023                        BERLINER COHEN, LLP

BY:  _____
CHRISTINE H. LONG
ALESHIA M. WHITE
ATTORNEYS FOR PLAINTIFFS
THE NVME GROUP, INC.
DOING BUSINESS AS RGI SPRAY BOOTH

MEMORANDUM OF POINTS AND AUTHORITIES

I.     INTRODUCTION

Plaintiff THE NVME GROUP, INC. a California Corporation doing business as RGI SPRAY BOOTH, (hereinafter "Plaintiff" or "RGI") builds, designs and fabricates spray booths and shelves that are unlike any others in the industry. Their designs easily set them apart from their competitors.  Defendant Halverson was Plaintiff's trusted distributor who was aware of and had access to Plaintiff's spray booths and shelves, designs, drawings and other confidential information necessary to build these original products.  Defendant Halverson worked as an authorized distributor for nearly four years and underwent a rigorous three-day training at RGI's facility in California to master the techniques and learn the designs of RGI's products. On or about June 2023, however, Defendant Halverson used his own company, Defendant Fast Rack, to create and fabricate the exact unique equipment that he learned how to make using RGI's confidential, proprietary information.  In fact, he even used pictures of Plaintiff's product, *with the RGI logo still on it,* to advertise on Fast Rack's website, in social media and in their brochures. More notably, *Fast Rack never sold spray booths before Halverson became an authorized RGI distributor, just racks.*

When Plaintiff sent a cease-and-desist letter regarding the misappropriation, Defendants agreed to remove RGI's name from its website, social media, brochures and catalogues, but did not agree to stop selling RGI's confidential information.  Clearly, Defendants copied Plaintiff's trade secrets and intend to sell the products based on those trade secrets online and at an upcoming trade show on starting July 25, 2023. Defendants must not be allowed to misappropriate Plaintiff's trade secrets and sell it at the upcoming trade show.  Moreover, Plaintiff will attend the same trade show and will suffer substantial harm if Defendants are selling Plaintiff's products.

II.    RELEVANT FACTUAL BACKGROUND

RGI manufactures spray booths throughout the United States. From automotive spray booths to large cargo booths, RGI creates booth setups for small or large companies, and carries a large array of spray booth products and accessories (collectively "PRODUCTS").  At all relevant times,

-1-

1    RGI designs, creates, builds and manufactures PRODUCTS, which are then distributed using

2    authorized distributors. (Garcia Decl. ¶ 4.)

3        When a potential prospect wants to become an authorized distributor to sell RGI products in

4    the local territory, that prospective distributor is required to complete a rigorous three-day onsite

5    training process to understand RGI products, pricing, types of models, and different types of

6    industries. (Garcia Decl. ¶ 5.) This training also provides knowledge of how the booths are

7    assembled. (Garcia Decl. ¶ 5.)  RGI also shows the prospective distributors how the equipment is

8    designed and built to make it easy to install. (Garcia Decl. ¶ 5.) After training and after the

9    distributors perform their first sell, RGI recommends the distributor performs an installation with

10   one of RGI's technicians present to get a sense of the assembly process as they begin talking to

11   potential clients about how the process works. (Garcia Decl. ¶ 7.)

12       As RGI distributors, they accompany RGI representatives to trade shows where they obtain

13   knowledge about the industry and the market. One-on-one connections occur on the trade show floor

14   with RGI's client base. (Garcia Decl. ¶ 8.)

15       RGI engages in strict measures to preserve its trade secrets. (Garcia Decl. ¶ 6.) Authorized

16   distributors may only participate in training at its Tracy, California facility which is a rigorous three-

17   day training. (Garcia Decl. ¶ 6.) RGI affixes its name and logo on every model, product, plan,

18   drawing and protectable material. (Garcia Decl. ¶ 6.)  RGI closely tracks its sales, which is how it

19   was able to discover that Halverson's sales had decreased once he started competing against RGI

20   with RGI's products. (Garcia Decl. ¶ 6.)  RGI tracks its and competitors' websites to capture any

21   misappropriation of its trade secrets, which is how Fast Rack's misappropriation was uncovered.

22   (Garcia Decl. ¶ 6.)

23       During or before 2019, RGI's owner, Napoleon Garcia, first met Defendant Halverson,

24   owner of Defendant Fast Rack, at a woodworking trade show. (Garcia Decl. ¶ 9.)  At that time,

25   Defendant Halverson was only selling his racks and nothing else. (Garcia Decl. ¶ 9.) Mr. Garcia

26   encouraged Defendant Halverson to become an authorized RGI distributor as a combination of tools

27   for the end-user. (Garcia Decl. ¶ 9.)

28

-2-

*Ex Parte* Application for Temporary Restraining Order and an Order to Show Cause and Memorandum of
Points and Authorities, in Support Thereof

On September 20, 2019, Halverson arrived at our facilities in Tracy, California where an agreement was formed for Halverson and Fast Rack to serve as a distributor of RGI's PRODUCTS and to participate in a three-day onsite training to learn about the PRODUCTS he was about to assist Plaintiff sell. (Garcia Decl. ¶ 10.)  According to their agreement, Halverson and Fast Rack obtained the exclusive right to sell and distribute RGI's PRODUCTS in certain areas and agreed to use their best efforts to promote the sale and distribution of RGI's PRODUCTS. (Garcia Decl. ¶ 10.)  In exchange for the exclusive right to sell and distribute RGI's PRODUCTS in a certain area, Halverson and Fast Rack agreed that RGI would be the only brand of products Fast Rack would sell and would avoid any multiline brand sales of similar products. (Garcia Decl. ¶ 10.)

Defendant Halverson continued to distribute for RGI until about June 2023, when Plaintiff is informed and believes that Defendants sold products that they had manufactured using RGI's designs and drawings for their own benefit, while it continued to identify themselves as an authorized RGI distributor. (Garcia Decl. ¶¶ 11. 14.) During the time he served as an authorized RGI distributor, Defendant Halverson learned about RGI's PRODUCTS and had access to Plaintiff's research, PRODUCTS plans, drawings, sketches, designs, photos, know-how, customer contact information and pricing information related to Plaintiff's PRODUCTS. (Garcia Decl. ¶¶ 12-13.)

Defendants Fast Rack and Halverson acquired enough information during the four year relationship with RGI that Halverson was very knowledgeable about the PRODUCTS, the pricing and installations. (Garcia Decl. ¶¶ 12-13.) Moreover, Defendant Fast Rack employee and Halverson's sister, Stacey Mischker, worked with RGI's team to input RGI PRODUCT model numbers and pricing into RGI's product list. As an authorized distributor, RGI worked closely with Defendants to capture as much attention to the brand, connecting Defendants Fast Rack and Halverson to RGI as a partnership. (Garcia Decl. ¶13.)

During or about 2022, RGI noticed a decrease in Defendants' calls, sales and client requests for information which led RGI to believe that Defendant Halverson was removing business from RGI. (Garcia Decl. ¶16.) Despite several requests to explain the decrease in sales, Defendant Halverson's repeated response was that he had "been busy moving locations and got into a new place." (Garcia Decl. ¶16.) RGI is informed and believes that Defendants were planning and

-3-

fabricating equipment based on the knowledge and confidential information received during Defendant Halverson's RGI training and over the course of his relationship with RGI. (Garcia Decl. ¶16.) Unbeknownst to RGI, Defendants were secretly gathering RGI's confidential information to use as a competitor to RGI. Defendants Halverson, JD Laser and Mischker were planning and fabricating equipment based on the knowledge and confidential information received during Halverson's RGI training and over the course of his relationship with RGI and while Mischker worked with RGI's offices. (Garcia Decl. ¶17.) Further, *Fast Rack never sold spray booths before Halverson became an authorized RGI distributor, just racks.* (Garcia Decl. ¶ 9.)

RGI is informed and believes and hereon alleges that Defendants Halverson and Fast Racks engaged Defendant JD Laser, Inc. to assist Defendants Fast Rack and Halverson in fabricating, manufacturing and building equipment based on RGI's confidential information. (Garcia Decl. ¶17.)

RGI's PRODUCTS are unique to the market, and Defendants' products were clearly cloned from those PRODUCTS.  What is so unique about RGI's design compared to the competitors is that RGI sells many of its PRODUCTS on an image basis, so RGI designs the front of its spray booths to be an image or representation of the client's shop. (Garcia Decl. ¶18.) This front is the signature piece design for RGI considering no one in the market has this design on the front paneling for the equipment. (Garcia Decl. ¶18.)  Further, RGI also designs the exhaust plenums to be centralized for airflow where the filter bank is located in the middle of the working environment for the painter. (Garcia Decl. ¶19.) Other spray booth companies supply full back plenum, which decreases the airflow on the work environment, but RGI's design is a center flow. (Garcia Decl. ¶19.)  RGI's plenum design has advantages for painters, which adds to market value. These two items are the main signature designs Defendants replicated from RGI and required access to confidential information to design and fabricate.

Defendants have registered to occupy Booth #547 at The Association of Woodworking & Furnishing Suppliers Fair (AWFS) in Las Vegas, Nevada July 25 – 28, 2023, and will display, use and sell the PRODUCTS and equipment based on RGI's confidential information. (Garcia Decl. ¶22.) RGI intends to appear at the AWFS as well selling the PRODUCTS from which Defendants copied RGI's trade secrets and from which RGI garners independent economic value from keeping

-4-

4861-0419-0577v1
AWHITE\28356004

1    secret. (Garcia Decl. ¶23.)

2    III.    LEGAL ANALYSIS

3            Plaintiff requires immediate court intervention to prevent Defendants from misappropriating

4    and selling RGI's trade secrets. The Uniform Trade Secrets Act (UTSA) gives owners of trade

5    secrets a legal right to file a lawsuit in state court when their trade secrets have been stolen or

6    misappropriated. California's version of the Uniform Trade Secrets Act ("CUTSA"), codified in Cal.

7    Civil Code § § 3426-3426.11, authorizes a court to enjoin the actual or threatened misappropriation

8    of trade secrets. (*CytoDyn of New Mexico, Inc. v. Amerimmune Pharmaceuticals, Inc*. (2008) 160

9    Cal.App.4th 288, 296.) To state a claim the plaintiff to demonstrate: (1) the plaintiff owned a trade

10   secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper

11   means, and (3) the defendant's actions damaged the plaintiff. (*Ibid*. at p. 297.)

12           "Injunctions in the area of trade secrets are governed by the principles applicable to

13   injunctions in general. [Citation.]" (*Whyte v. Schlage Lock Co*. (2002) 101 Cal.App.4th 1443, 1449.)

14   In determining whether to issue a preliminary injunction, a court must "weigh two 'interrelated'

15   factors: (1) the likelihood that the moving party will ultimately prevail on the merits and (2) the

16   relative interim harm to the parties from issuance or nonissuance of the injunction. [Citations.]"

17   (*Ryland Mews Homeowners Assn. v. Munoz* (2015) 234 Cal.App.4th 705, 711, 184 Cal. Rptr. 3d

18   163.)

19           The decision whether to grant a preliminary injunction "'rests in the sound discretion of the

20   trial court. (*Ryland Mews*, *supra*, 234 Cal.App.4th at p. 711.) In exercising this discretion, the court

21   is free to weigh the evidence presented in declaration or by witness testimony. (*Monogram

22   Industries, Inc. v. Sar Industries, Inc*. (1976) 64 Cal. App. 3d 692, 704.)

23           A.    A Temporary Restraining Order Is Necessary To Enjoin Defendants'
              Misappropriation of Plaintiff's Trade Secrets Which Would Produce Irreparable
24            Injury

25           A trade secret is "information, including a formula, pattern, compilation, program,

26   device, method, technique, or process, that: (1) Derives independent economic value, actual or

27   potential, from not being generally known to the public or to other persons who can obtain economic

28   value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the

-5-

1   circumstances to maintain its secrecy." (Cal. Civ. Code § 3426.1, subd. (d).)  Civil Code sections

2   3426 through 3426.11 authorize a court to enjoin the actual or threatened misappropriation of trade

3   secrets (Civil Code §§ 3426 through 3426.11.) An injunction against misappropriation of trade

4   secrets is necessary to preserve the rights of the parties and as long as is necessary to eliminate the

5   commercial advantage that a person would obtain through misappropriation. (*Whyte v. Schlage Lock*

6   *Co.*, *supra*, 101 Cal.App.4th at 1451.)

7       Here, RGI derives independent economic value from keeping secret its PRODUCTS'

8   designs, drawings, pricing and other confidential information which is not generally known to the

9   public.  Its PRODUCTS are unique to the market, and it is reasonable under the circumstances to

10  maintain its secrecy. (Cal. Civ. Code § 3426.1, subd. (d).)  Defendants Fast Rack and Halverson

11  acquired enough information during the four year relationship with RGI that Halverson was very

12  knowledgeable about the PRODUCTS, the pricing and installations. (Garcia Decl. ¶14.)

13  Unfortunately, sometime before June 2023, Halverson, using his company Fast Rack, began

14  fabricating spray booths and similar RGI products in conjunction with JD Laser and competing

15  against RGI with RGI's own product. (Garcia Decl. ¶15.)  The unique qualities mentioned above,

16  and which were not like any other spray booth on the market, were incorporated into Fast Rack's

17  spray booths. (Garcia Decl. ¶15.)   It should be noted that Fast Rack did not make spray booths

18  before becoming an authorized RGI distributor.  (Garcia Decl. ¶15.)

19      However, Defendants misappropriated RGI's trade secrets and have begun selling

20  products/equipment based on RGI's trade secrets for their own benefit.  In fact, Defendants

21  Halverson and Fast Rack Equipment, have registered to occupy Booth #547 at The Association of

22  Woodworking & Furnishing Suppliers Fair (AWFS) in Las Vegas, Nevada July 25 – 28, 2023

23  (Garcia Decl. ¶22.)  RGI will be irreparably harmed if Fast Rack is allowed to continue using and

24  selling products/equipment based on RGI's confidential information. RGI will also occupy and

25  booth at the July AWFS event and display the same products/equipment that Defendants Halverson

26  and Fast Rack Equipment misappropriated from RGI and will likely divert sales considering

27  Defendants Halverson and Fast Rack Equipment were authorized RGI distributors and would now

28  sell the same RGI product under their own name.  As an authorized distributor, RGI worked closely

-6-

4861-0419-0577v1
AWHITE\28356004

1  with Halverson to capture as much attention to the brand, connecting Fast Rack and Halverson to

2  RGI as a partnership.  Now, those same potential customers may associate RGI's product with Fast

3  Rack when Fast Rack never sold spray booths before coming an authorized RGI distributor.

4

5          **B.**    <u>A Temporary Restraining Order Is Warranted Because Plaintiff Will Likelihood Prevail On The Merits</u>

6        A cause of action for misappropriation of trade secrets requires a plaintiff to show: 1) the

7  plaintiff owned the trade secret at the time of misappropriation; 2) the information was a trade secret;

8  3) the defendant improperly acquired, used, or disclosed the trade secret; 4) the plaintiff was harmed;

9  and 5) the defendant's acquisition, use, or disclosure of the trade secret was a substantial factor in

10  causing the plaintiff harm. (*Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.* (2014) 226

11  Cal.App.4th 26, 41–43; CACI Nos. 4402 & 4403.)

12        Here, Plaintiff owns the trade secret to the RGI PRODUCTS considering it performed the

13  research, created the design, plans, drawings, sketches, photos, know-how, and generated customer

14  contact information and purchasing information related to Plaintiff's PRODUCTS. Moreover, as

15  noted above, RGI's PRODUCTS are unique to the spray booth market and its design has not been

16  used nor seen by anyone else in the industry, bar Defendants, who started fabrication after learning

17  and having access to RGI's trade secrets.  RGI's PRODUCTS are unique to the market because RGI

18  sells many of its PRODUCTS on an image basis, so RGI designs the front of its spray booths to be

19  an image or representation of the client's shop. This front is the signature piece design for RGI

20  considering no one in the market (before Fast Rack's misappropriation) has this design on the front

21  paneling for the equipment. RGI also designs the exhaust plenums to be centralized for airflow

22  where the filter bank is located in the middle of the working environment for the painter. Other spray

23  booth companies supply full back plenum, which decreases the airflow on the work environment, but

24  RGI's design is a center flow.

25        Notably, the information Defendants misappropriated were trade secrets, acquired, disclosed,

26  and used through improper means.  Although Defendant Halverson and Mischker were supposed to

27  work as distributors and assist in selling RGI's PRODUCTS, they misrepresented their intentions to

28  acquire confidential information, breach their duty to maintain secrecy and disclosed RGI's trade

1    secrets to Defendant JD Laser, who in combination with Defendants used RGI's trade secrets to

2    fabricated identical equipment.  This information was not public knowledge or generally known in

3    the trade or business. (*DVD Copy Control Assn., Inc. v. Bunner* (2004) 116 Cal.App.4th 241, 251.)

4    Rather, RGI engages in strict measures to preserve its trade secrets.  (Garcia Decl. ¶ 6.) Authorized

5    distributors may only participate in training at its Tracy, California facility which is a rigorous three-

6    day training. (*Ibid.*)  RGI affixes its name and logo on every model, product, plan, drawing and

7    protectable material.  (*Ibid.*)  RGI closely tracks its sales, which is how it was able to discover that

8    Halverson's sales had decreased once he started competing against RGI with RGI's products. (*Ibid.*)

9    RGI tracks its and competitors' websites to capture any misappropriation of its trade secrets, which

10   is how Fast Rack's misappropriation was uncovered. (*Ibid.*)  Further, after Plaintiff sent a cease-and-

11   desist letter regarding the misappropriation, Defendants agreed to remove RGI's name from its

12   website, social media, brochures and catalogues, but did not agree to stop selling RGI's confidential

13   information. (White Decl. ¶¶ 3-7.)  Undoubtedly, Defendants copied Plaintiff's trade secrets and

14   intend to sell the products based on those trade secrets online and at an upcoming trade show at the

15   end of July.

16           In addition, Plaintiff has suffered and will continue to suffer damages considering Defendants

17   diverted business away from RGI when Defendants were supposed to assist in RGI's sales as and

18   authorized distributor.  Also, Defendant Fast Rack has registered to appear at a trade show that RGI

19   is scheduled to attend, and selling products based on RGI trade secrets, which will further divert

20   sales.  As such, the facts and evidence presented so far demonstrate that RGI will likely prevail on

21   the merits of this matter.

22   IV.     <u>CONCLUSION</u>

23           RGI will experience irreparable harm if Defendants are not enjoined from misappropriating

24   RGI's trade secrets.  RGI has demonstrated that it owns these unique trade secrets, which are kept

25   from the public and only allow authorized, trusted distributors to access this information. Fast Rack

26   copied RGI's trade secrets when Defendant Halverson had access as a trained distributor, and now

27   seeks to profit of misappropriated RGI's trade secrets. Considering the likelihood of prevailing on

28

-8-

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE AND MEMORANDUM OF POINTS AND AUTHORITIES, IN SUPPORT THEREOF

1    the merits, RGI requests that this Court grants the temporary restraining order restraining Defendants

2    from disclosing or, in any way, using RGI's confidential information.

3

4    DATED:  JULY 19, 2023                    BERLINER COHEN, LLP

5

6                                            BY: _____

7                                                CHRISTINE H. LONG
                                                 ALESHIA M. WHITE
8                                                ATTORNEYS FOR PLAINTIFFS
                                                 THE NVME GROUP, INC.
9                                                DOING BUSINESS AS RGI SPRAY BOOTH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

*The NVME Group, Inc. v. Michael Halverson, et al.*          Case No. STK-CV-UIP-2023-7365

<u>PROOF OF SERVICE</u>

I, Megan Vijil, declare under penalty of perjury under the laws of the State of California that the following facts are true and correct:

I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. I am an employee of Berliner Cohen, LLP, and my business address is Ten Almaden Boulevard, Eleventh Floor, San Jose, California 95113-2233. On July 19, 2023, I served the following document(s):

EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE AND MEMORANDUM OF POINTS AND AUTHORITIES, IN SUPPORT THEREOF

in the following manner:

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth below.

☒  by overnight mail by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒  by e-mail or electronic transmission. Pursuant to Code of Civil Procedure §1010.6, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below.

<u>Attorneys for Fast Rack Equipment, LLC and Michael Halverson</u>
Alexis M. Hedtke, Esq.
AMUNDSEN DAVIS
2800 East Enterprise Avenue
Appleton, WI 54913
Telephone: (920) 996-0000
E-Mail:  ahedtke@amundsendavislaw.com
keismann@amundsendavislaw.com
dzimmerman@amundsendavislaw.com
ckubiak@amundsendavislaw.com
ldolajeck@amundsendavislaw.com

I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service/Express Mail, Federal Express and other overnight mail services, to wit, that correspondence will be deposited with the United States Postal Service/overnight mail service this same day in the ordinary course of business.

Executed on July 19, 2023, at San Jose, California.

_____
MEGAN VIJIL

1  CHRISTINE H. LONG, CA STATE BAR NO. 199676
   ALESHIA M. WHITE, CA STATE BAR NO. 170289
2  BERLINER COHEN, LLP
   TEN ALMADEN BOULEVARD
3  ELEVENTH FLOOR
   SAN JOSE, CALIFORNIA 95113-2233
4  TELEPHONE: (408) 286-5800
   FACSIMILE: (408) 998-5388
5  christine.long@berliner.com
   aleshia.white@berliner.com
6
   ATTORNEYS FOR PLAINTIFF, THE NVME GROUP, INC.
7  DOING BUSINESS AS RGI SPRAY BOOTH

8              SUPERIOR COURT OF CALIFORNIA,

9              COUNTY OF SAN JOAQUIN COUNTY

| | |
|---|---|
| 10  THE NVME GROUP, INC. a California Corporation doing business as RGI SPRAY BOOTH | CASE NO. STK-CV-UIP-2023-7365 |
| 11 | DECLARATION OF ALESHIA WHITE IN SUPPORT OF THE *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER |
| 12              Plaintiff, | |
| 13      v. | |
| 14  MICHAEL HALVERSON, an individual; FAST RACK EQUIPMENT, LLC a Wisconsin Domestic Limited Liability Company; STACEY MISCHKER, an individual; JD LASER, INC.; and DOES 1 through 25, inclusive, | Date:         July 21, 2023 |
| 15 | Time:         9:15 a.m. |
| 16 | Dept.:        10A |
| 17 | Judge:        Hon. George Abdallah |
|  | Action Filed:  July 17, 2023 |
| 18              Defendants. | |

19  I, Aleshia M. White, hereby declare as follows:

20         1.      I am an attorney licensed to practice in the state of California and before this court. I

21  am senior counsel with the law firm of Berliner Cohen, LLP., which represents THE NVME

22  GROUP, INC., doing business as RGI SPRAY BOOTH, Plaintiff in the above-entitled action.

23         2.      I am personally familiar with the facts set forth in this declaration, except for those

24  facts alleged on information and belief, and if called to testify as a witness, I could and would

25  competently testify thereto.  I am familiar with the records and court filings in this matter.

26         3.      Prior to filing this application for temporary restraining order, I attempted to resolve

27  the matter with Defendants and their counsel.  Specifically, I drafted a letter to Michael Halverson

28  individually and as owner of Fast Rack regarding the misappropriation of RGI's trade secrets. A true

-1-

and correct copy of that letter dated July 7, 2023, is attached hereto as **Exhibit 1**.

4. On July 10, 2023, Fast Rack Equipment LLC.'s attorney email me requesting additional time to respond to my July 7th letter, which I granted. A true and correct copy of that letter dated July 7, 2023, is attached hereto as **Exhibit 2**.

5. On July 11, 2023, Fast Rack Equipment LLC.'s attorney sent a letter in response to my July 7th letter.  A true and correct copy of Alexis Hedtke's July 11, 2023, letter is attached hereto **Exhibit 3**.

6. By way of Ms. Hedtke's letter, Fast Rack Equipment LLC. assumed it could resolve this matter by removing all references to RGI from Fast Rack Equipment LLC.'s website, catalogues, brochures and social media accounts and requested that RGI notify them if all references to RGI were not removed. (See **Exhibit 3**.)

7. On July 12, 2023, I responded to Ms. Hedtke's attorney stating that Fast Rack's

> ….concession to remove RGI's name from its advertising is insufficient to resolve this matter.  Mr. Halverson and Fast Rack Equipment (collectively "Fast Rack") have not confirmed that they will not sell products that are based on RGI's intellectual property at the Association of Woodworking & Furnishing Suppliers Fair (AWFS) in Las Vegas, Nevada July 25 – 28, 2023.  The fact that Fast Rack displayed RGI's equipment, *with RGI's logo*, in its advertising on Fast Rack's website, on social media and in its brochures is substantial evidence that Fast Rack misappropriated RGI's intellectual property."

A true and correct copy of the July 18, 2023, email is attached hereto as **Exhibit 4**.

8. Ms. Hedtke responded on July 14, 2023, and the parties were unable to resolve their differences without court intervention.

9. Pursuant to California Rules of Court Rule 3.1204, I provided notice to Ms. Hedtke stating the nature of the relief to be requested and the date, time, and place for the presentation of the application and attempted to determine whether the opposing party will appear to oppose the application.  Specifically, at 10:57 AM on July 18, 2023, I emailed the attorney representing Fast Rack and Michael Halverson, Attorney Alexis M. Hedtke of the law firm of Amundson Davis, the notice of the *ex parte* application, including the date, time, manner as noted above, and the relief

-2-

sought. Attorney Hedtke did not indicate whether she intended to oppose. A true and correct copy of the July 18, 2023, email is attached hereto as **Exhibit 5**.

I declare under penalty of perjury that the foregoing is true and correct and that I would and could competently testify thereto if called as a witness.  Executed this 19th day of July 2023, at San Jose, California.

_____
ALESHIA M. WHITE

4876-2495-3201v1
AWHITE\28356004

# EXHIBIT 1

**From:** Olson, Donna <Donna.Olson@berliner.com>
**Sent:** Friday, July 7, 2023 5:13 PM
**To:** michael fastrackequipment.com <michael@fastrackequipment.com>; stacey fastrackequipment.com <stacey@fastrackequipment.com>
**Cc:** White, Aleshia M. <Aleshia.White@berliner.com>
**Subject:** 28356-004 - RGI Spray Booth - Cease and Desist Letter

Mr. Halverson and Ms. Mischker,

Attached for your immediate attention, please find a cease and desist letter from Aleshia M. White.


**Donna Olson** | Litigation Assistant to
Christine H. Long
Eileen P. Kennedy
Aleshia M. White
Kevin S. Landis
Donna.Olson@berliner.com



San Jose | Modesto | Merced

10 Almaden Blvd., Eleventh Floor | San Jose, California 95113 | 408.286.5800 | F 408.998.5388 | www.berliner.com

   

CONFIDENTIALITY NOTICE: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Please consider the environment before printing this email.



**BERLINER COHEN LLP**

ANDREW L. FABER
SAMUEL L. FARB
JAMES P. CASHMAN
STEVEN J. CASAD
NANCY J. JOHNSON
JEROLD A. REITON
JONATHAN D. WOLF
KATHLEEN K. SIPLE
KEVIN F. KELLEY
MARK MAKIEWICZ
JOLIE HOUSTON
BRIAN L. SHETLER
HARRY A. LOPEZ
CHARLES W. VOLPE
CHRISTINE H. LONG

AARON M. VALENTI
CHRISTIAN E. PICONE
SUSAN E. BISHOP
SANDRA G. SEPÚLVEDA
MICHAEL B. IJAMS
KIMBERLY G. FLORES
DAWN C. SWEATT
TYLER A. SHEWEY
JAMES F. LANDRUM, JR.
MICHAEL J. CHENG
EILEEN P. KENNEDY
JOSHUA BORGER
BENJAMIN M. JOHNSON
STEPHEN C. SCORDELIS
C. DAVID SPENCE

ALESHIA M. WHITE
DENNIS CHIN
ALEXANDRIA N. NGUYEN
LEILA N. SOCKOLOV
ALAN LAW
TIMOTHY K. BOONE
BLAINE R. COX
ANGELA SHAW
DAVID A. BELLUMORI
NATHAN C. BRADY
BRANDON L. REBBOAH
LINDSAY I. WALCZAK
MAYSA SAEED
IRIS C. CHIU
MAKAYLA A. WHITNEY

JACE D. LYNCH
MARISA J. MARTINSON
CHEYENNE A. VANKIRK
MARIA I. PALOMARES
BENJAMIN H. WOHLFORD
KEVIN S. LANDIS
TIFFANY A. SCOGGIN
CHRISTIAN D. WICK
STACEY A. MACIAS
JENNIFER N. WISE
JULIA L. COVELLO
SAM ATABAY BIDGOLI
MATTHEW C. TOSCANO
ROBERT AVERSA-GOODMAN
JARED DOBBS

TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233

TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388

www.berliner.com
Branch Offices
Merced, CA   •   Modesto, CA

FOUNDERS
SANFORD A. BERLINER (d. 2020)
SAMUEL J. COHEN

OF COUNSEL
STEVEN L. HALLGRIMSON
PEGGY L. SPRINGGAY
FRANK R. UBHAUS
RALPH J. SWANSON
NANCY L. BRANDT
LESLIE KALIM McHUGH

BRADLEY HEBERT
ERIC D. CAPRON
STUART B. SPENCER
THOMAS P. MURPHY
KATHRYN G. SPELMAN

July 7, 2023

Michael Halverson
Stacey Mischker
Fast Rack Equipment LLC
853 West Spring Street, Unit 6
Appleton, W.I. 54914

Via Email:
Michael@FastRackEquipment.com
Stacey@ FastRackEquipment.com

Re:   ***Demand to Cease and Desist***
Our Client:  RGI Spray Booth | Equipment Solution
Our File No.: 28356.004

Dear Mr. Halverson and Ms. Mischker:

Please be advised that Berliner Cohen LLP represents RGI Spray Booth (RGI) in connection with this cease and desist letter.  It has come to our attention that you have engaged in unethical and actionable behavior by misappropriating and fraudulently using RGI's spray booth design and RGI's name in violation of its trade secret and other laws.  Be advised that RGI has not authorized your use of its intellectual property, and it is unlawful for you to use RGI's confidential proprietary information and trade secrets, particularly at the trade show that you intend to attend on July 25, 2023.

Confidential proprietary information includes any information relating to the manufacturing and design of RGI's designs for spray booths, as well as, the research, product plans, drawings, sketches, photos, how products are manufactured, and customer contact information and purchasing information, which RGI developed, but were disclosed to you when you served as a distributor for RGI. By posting pictures and videos on social media and planning to disclose and sell RGI's confidential information at trade shows, you are in violation of state and federal laws.

Michael Halverson
Stacey Mischker
Fast Rack Equipment LLC
July 7, 2023


The pictures and videos that you posted also contain trade secret information related to RGI's name, its design, sketches, model number and drawings of RGI's spray booths.  RGI takes steps to keep its confidential information secret from the public, which allows it to derive economic value and a competitive advantage.  By posting these videos and pictures on any social media platform and attending trade shows with a product derived from RGI's design, you have violated the California's Uniform Trade Secrets Act ("UTSA"), California Civil Code §3426 *et seq*; *Reeves v. Hanlon* (2004) 33 Cal.4th 1140.

Likewise, Stacy Mischker is an accomplice in your violations of UTSA and other state and federal laws.  Our understanding is that she is Fast Rack's operations manager responsible for marketing and advertising the confidential information that you provided to her in brochures, social media and on Fast Rack's website.  She has posted pictures, is responsible for videos, and has included in Fast Rack's brochures RGI's name, product, spray booths, model number, drawings and sketches.  If necessary, we will pursue action against her, as well.

RGI takes this matter very seriously.  **You are hereby directed to cease-and-desist further using RGI's spray booth design(s) and to remove current postings on social media related to RGI's spray booth design(s). You are hereby strictly prohibited from using any products (including spray booths) that were based on RGI's design or RGI's intellectual property at the July 25th trade show or at any other time or place**.  To avoid court intervention, RGI demands the following immediately:

1) Remove, and refrain from using in the future, any and all postings, videos, writings, voice messaging or images on any and all social media and internet websites, which depict RGI's names, its product design(s), drawings, models, sketches, spray booths, research, product plans as well as all other confidential or trade secret information.

2) Forever refrain from using, displaying or selling any product that is based on RGI's name, its product design(s), drawings, spray booths, models, sketches, research, product plans or confidential or trade secret information at the July 25, 2023, Trade Show or any other trade show or event or by way of any other means, including but not limited to internet sales, on-site sales, in-store sales, sales to a third-party distributor, etc.

3) Immediately return and discontinue use of any and all RGI property, including, but not limited to research, product plans/design, drawings, models, sketches, products, customer lists, as well as all other related information or product developed by RGI personnel, but entrusted to you during your work as RGI's distributor that is in your custody, possession or control.

Michael Halverson
Stacey Mischker
Fast Rack Equipment LLC
July 7, 2023

    If you and Ms. Mischker continue this unethical and unprofessional behavior or refuse to comply with the above, RGI will pursue all available legal and equitable remedies available to it. For example, RGI will file a lawsuit against you and Ms. Mischker seeking damages as well as seek a temporary restraining order and a permanent injunction prohibiting the misappropriation and use of RGI's confidential proprietary and trade secret information. In addition to damages, RGI will be able to recover its attorneys' fees and costs if forced to file such an action.

    Please confirm your compliance with this cease-and-desist demand by the close of business on Monday July 10, 2023, to avoid legal intervention.  Sign below to confirm your compliance.

    Your immediate attention to this matter is required.

                Sincerely,

                BERLINER COHEN, LLP

                ALESHIA M. WHITE
                E-Mail: aleshia.white@berliner.com

AMW


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    I, Michael Halverson, hereby confirm that I will by Monday July 10, 2023

1) Remove, and refrain from using in the future, any and all postings, videos, writings, voice messaging or images on any and all social media and internet websites, which depict RGI's names, its product design(s), drawings, models, sketches, spray booths, research, product plans as well as all other confidential or trade secret information.

2) Forever refrain from using, displaying or selling any product that is based on RGI's name, its product design(s), drawings, spray booths, models, sketches, research, product plans or confidential or trade secret information at the July 25, 2023, Trade Show or any other trade show or event or by way of any other means, including but not limited to internet sales, on-site sales, in-store sales, sales to a third-party distributor, etc.

Michael Halverson
Stacey Mischker
Fast Rack Equipment LLC
July 7, 2023


    3) Immediately return and discontinue use of any and all RGI property, including, but not limited to research, product plans/design, drawings, models, sketches, products, customer lists, as well as all other related information or product developed by RGI personnel, but entrusted to you during your work as RGI's distributor that is in your custody, possession or control.


_____        Date: _____

Michael Halverson
Fast Rack Equipment LLC.

# EXHIBIT 2

**Aleshia M. White** | Senior Attorney
Aleshia.White@berliner.com



San Jose | Modesto | Merced

10 Almaden Blvd., Eleventh Floor | San Jose, California 95113 | 408.286.5800 | F 408.998.5388
| www.berliner.com

  

**CONFIDENTIALITY NOTICE:** This message may contain information that is attorney-client
privileged, attorney work product or otherwise confidential. If you are not an intended recipient,
use and disclosure of this message are prohibited. If you received this transmission in error,
please notify the sender by reply e-mail and delete the message and any attachments.

Please consider the environment before printing this email.

**From:** Hedtke, Alexis M <ahedtke@amundsendavislaw.com>
**Sent:** Monday, July 10, 2023 12:06 PM
**To:** White, Aleshia M. <Aleshia.White@berliner.com>; Olson, Donna <Donna.Olson@berliner.com>
**Cc:** Zimmerman, Danielle M. <dzimmerman@amundsendavislaw.com>; Eismann, Kevin L.
<keismann@amundsendavislaw.com>
**Subject:** RE: 28356-004 - RGI Spray Booth - Cease and Desist Letter [IWOV-Active.FID1379101]

**ALERT: This email is from an external source.**

Attorney White,

Our firm represents Fast Rack Equipment LLC. We are in receipt of your July 7, 2023 correspondence. Our formal
response will follow in due course after review. In light of the July 10th response date dictated in the letter (less than a
business day after the letter was sent) we hope your client can hold off on filing a lawsuit while this matter is adequately
reviewed.

Thank you,

Alexis M. Hedtke
**Associate Attorney**
Direct: 920.750.7267
AHedtke@amundsendavislaw.com
2800 East Enterprise Avenue, Appleton, Wisconsin 54913
http://www.amundsendavislaw.com | LinkedIn



**Please note the changes to our email domain and website address.**
This message is intended only for the individual or entity to which it is addressed and may contain information that is
attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this
message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in error, please notify us immediately by
telephone and delete or destroy the message. Thank you.

# EXHIBIT 3



**AMUNDSEN DAVIS**

July 11, 2023

<u>**VIA EMAIL: aleshia.white@berliner.com**</u>

Attorney Aleshia M. White
Berliner Cohen LLP
10 Almaden Blvd., 11th FL
San Jose, CA 95113

RE:    Fast Rack Equipment LLC

Dear Attorney White:

As you are aware, our firm represents Fast Rack Equipment LLC ("Fast Rack"), including with respect to its intellectual property matters. Fast Rack values its intellectual property assets and business reputation, and as such takes these matters very seriously. Please direct all further communications concerning this matter to my attention at ahedtke@amundsendavislaw.com.

The unprecedented allegations set forth by RGI Spray Booth ("RGI") in the July 7, 2023 letter were troubling, especially considering the historied and mutually respected business relationship between the parties. We hope such allegations were made in a good faith and not merely a futile effort on RGI's behalf to burden Fast Rack with a fruitless legal battle to unconscionably prohibit Fast Rack's appearance at the July 25th trade show.

Regardless of your client's intentions, Fast Rack prefers to resolve this matter promptly and amicably, if possible. As such, as a good faith gesture, Fast Rack has removed all references to RGI from Fast Rack's website, catalogues, brochures, and social media accounts. We are confident the prompt action taken by our client sufficiently resolves this matter. And, to be clear, our client's willingness to take this action should not be construed in any way to be an admission – and as such is made only as a decision to avoid the need to engage in a fruitless lawsuit. However, please advise and provide documentation for any additional references that may have been inadvertently missed by Fast Rack personnel during its prompt removal of such references.

Regarding RGI's allegations of trade secret and other confidential information misappropriation, to the extent applicable, please provide definitive proof and documentation to support such ungrounded accusations. Additionally, regarding RGI's request for the immediate return of RGI property, please provide a list of such property and materials to be returned.

Page 2

Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of our client's rights or remedies, either at law or in equity, in connection with any of the matters raised herein, all of which are expressly reserved.

We will consider this matter closed unless you advise differently by 5:00 PM (CST) July 13, 2023.

Sincerely,

Alexis M. Hedtke
Attorney at Law

AMH:dmz

Copy to: Fast Rack Equipment LLC

# EXHIBIT 4

**White, Aleshia M.**

| | |
|---|---|
| **From:** | White, Aleshia M. |
| **Sent:** | Wednesday, July 12, 2023 3:44 PM |
| **To:** | Zimmerman, Danielle M. |
| **Cc:** | Olson, Donna; Eismann, Kevin L.; Hedtke, Alexis M; Long, Christine H. |
| **Subject:** | RE: 28356-004 - RGI Spray Booth - Cease and Desist Letter [IWOV-Active.FID1379101] |

Ms. Zimmerman,

We are in receipt of your correspondence dated July 11, 2023. Your clients' concession to remove RGI's name from its advertising is insufficient to resolve this matter. Mr. Halverson and Fast Rack Equipment (collectively "Fast Rack") have not confirmed that they will not sell products that are based on RGI's intellectual property at the Association of Woodworking & Furnishing Suppliers Fair (AWFS) in Las Vegas, Nevada July 25 – 28, 2023. The fact that Fast Rack displayed RGI's equipment, *with RGI's logo*, in its advertising on Fast Rack's website, on social media and in its brochures is substantial evidence that Fast Rack misappropriated RGI's intellectual property.

Unless Fast Rack confirms that it will not sell products based on RGI's intellectual property at the AWFS and will discontinue the building, selling and manufacturing of products based on RGI's intellectual property, RGI will pursue all legal remedies available to it.

Best,

**Aleshia M. White** | Senior Attorney
Aleshia.White@berliner.com



San Jose | Modesto | Merced

10 Almaden Blvd., Eleventh Floor | San Jose, California 95113 | 408.286.5800 | F 408.998.5388 | www.berliner.com

  

**CONFIDENTIALITY NOTICE:** This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient,

use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Please consider the environment before printing this email.

**From:** Zimmerman, Danielle M. <dzimmerman@amundsendavislaw.com>
**Sent:** Tuesday, July 11, 2023 12:55 PM
**To:** White, Aleshia M. <Aleshia.White@berliner.com>
**Cc:** Olson, Donna <Donna.Olson@berliner.com>; Eismann, Kevin L. <keismann@amundsendavislaw.com>; Hedtke, Alexis M <ahedtke@amundsendavislaw.com>; Zimmerman, Danielle M. <dzimmerman@amundsendavislaw.com>
**Subject:** RE: 28356-004 - RGI Spray Booth - Cease and Desist Letter [IWOV-Active.FID1379101]

**ALERT: This email is from an external source.**

Attorney White,

Please see the attached correspondence from Attorney Hedtke.

Thank you,
Danielle

Danielle M. Zimmerman
Paralegal
Direct: 920.750.7264
dzimmerman@amundsendavislaw.com
2800 East Enterprise Avenue, Appleton, Wisconsin 54913
http://www.amundsendavislaw.com



**Please note the changes to our email domain and website address.**
This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and  delete or destroy the message. Thank you.

**From:** White, Aleshia M. <Aleshia.White@berliner.com>
**Sent:** Monday, July 10, 2023 5:22 PM
**To:** Hedtke, Alexis M <ahedtke@amundsendavislaw.com>; Olson, Donna <Donna.Olson@berliner.com>
**Cc:** Zimmerman, Danielle M. <dzimmerman@amundsendavislaw.com>; Eismann, Kevin L. <keismann@amundsendavislaw.com>
**Subject:** RE: 28356-004 - RGI Spray Booth - Cease and Desist Letter [IWOV-Active.FID1379101]

Counsel,

Thank you for your response.  While we appreciate your concern about the timing of the letter, our client is concerned about your clients' attendance at the July 25th trade show with our client's intellectual property, making time of the essence.  We will extend a short professional courtesy but will need to file the necessary legal action no later than Wednesday, July 12, 2023.

Best,

# EXHIBIT 5

| | |
|---|---|
| **From:** | White, Aleshia M. |
| **Sent:** | Tuesday, July 18, 2023 10:57 AM |
| **To:** | Hedtke, Alexis M |
| **Cc:** | Eismann, Kevin L.; Zimmerman, Danielle M.; Long, Christine H.; Vijil, Megan; Bishop, Susan |
| **Subject:** | Notice of Ex Parte Application for Temporary Restraining Order | Fast Rack Equipment LLC and Michael Halverson |

Ms. Hedtke

Please take notice that RGI intends to file for an *ex parte* application for temporary restraining order against Fast Rack Equipment LLC and Michael Halverson, which will be heard Friday, July 21, 2023, at 9:15 AM, Dept. 10A. of the Superior Court of California, County of San Joaquin.  The court will allow parties to appear telephonically using the court's dedicated bridge line. Please call the remote phone number for Dept. 10A at your scheduled date and time.  Dept 10A: Call into (209) 992-5590, then follow the prompts and use the Bridge # 6938 and Pin # 3784.

The relief sought is an order temporarily restraining Fast Rack Equipment LLC and Michael Halverson from fabricating, selling, distributing, or otherwise using products that its created using RGI's trade secrets, particularly at the Association of Woodworking & Furnishing Suppliers Fair (AWFS) in Las Vegas, Nevada July 25 – 28, 2023 .

Please let me know immediately if you intend to oppose this *ex parte* application.

Thank you.

**Aleshia M. White** | Senior Attorney
Aleshia.White@berliner.com



San Jose | Modesto | Merced

10 Almaden Blvd., Eleventh Floor | San Jose, California 95113 | 408.286.5800 | F 408.998.5388 | www.berliner.com

  

1

*The NVME Group, Inc. v. Michael Halverson, et al.*          Case No. STK-CV-UIP-2023-7365

<u>PROOF OF SERVICE</u>

I, Megan Vijil, declare under penalty of perjury under the laws of the State of California that the following facts are true and correct:

I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. I am an employee of Berliner Cohen, LLP, and my business address is Ten Almaden Boulevard, Eleventh Floor, San Jose, California 95113-2233. On July 19, 2023, I served the following document(s):

DECLARATION OF ALESHIA WHITE IN SUPPORT OF THE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

in the following manner:

| | |
|---|---|
| [ ] | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth below. |
| [X] | by overnight mail by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below. |
| [ ] | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| [X] | by e-mail or electronic transmission. Pursuant to Code of Civil Procedure §1010.6, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below. |

<u>Attorneys for Fast Rack Equipment, LLC and Michael Halverson</u>
Alexis M. Hedtke, Esq.
AMUNDSEN DAVIS
2800 East Enterprise Avenue
Appleton, WI 54913
Telephone: (920) 996-0000
E-Mail:  ahedtke@amundsendavislaw.com
keismann@amundsendavislaw.com
dzimmerman@amundsendavislaw.com
ckubiak@amundsendavislaw.com
ldolajeck@amundsendavislaw.com

I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service/Express Mail, Federal Express and other overnight mail services, to wit, that correspondence will be deposited with the United States Postal Service/overnight mail service this same day in the ordinary course of business.

Executed on July 19, 2023, at San Jose, California.

_____
MEGAN VIJIL

1  CHRISTINE H. LONG, CA STATE BAR NO. 199676
   ALESHIA M. WHITE, CA STATE BAR NO. 170289
2  BERLINER COHEN, LLP
   TEN ALMADEN BOULEVARD
3  ELEVENTH FLOOR
   SAN JOSE, CALIFORNIA 95113-2233
4  TELEPHONE: (408) 286-5800
   FACSIMILE: (408) 998-5388
5  christine.long@berliner.com
   aleshia.white@berliner.com
6
7  ATTORNEYS FOR PLAINTIFF, THE NVME GROUP, INC.
   DOING BUSINESS AS RGI SPRAY BOOTH

8              SUPERIOR COURT OF CALIFORNIA,

9            COUNTY OF SAN JOAQUIN COUNTY

10  THE NVME GROUP, INC. a California          CASE NO. STK-CV-UIP-2023-7365
    Corporation doing business as RGI SPRAY
11  BOOTH,                                     DECLARATION OF NAPOLEON GARCIA
                                               IN SUPPORT OF THE *EX PARTE*
12          Plaintiff,                         APPLICATION FOR TEMPORARY
                                               RESTRAINING ORDER
13      v.
                                               Date:       July 21, 2023
14  MICHAEL HALVERSON, an individual;          Time:       9:15 a.m.
    FAST RACK EQUIPMENT, LLC a                 Dept.:      10A
15  Wisconsin Domestic Limited Liability       Judge:      Hon. George Abdallah
    Company; STACEY MISCHKER, an               Action Filed: July 17, 2023
16  individual; JD LASER, INC.; and DOES 1
    through 25, inclusive,
17
            Defendants.
18

19      I, Napoleon Garcia, hereby declare as follows:

20      1.      I am the owner of THE NVME GROUP, INC., a California Corporation doing

21  business as RGI SPRAY BOOTH, EQUIPMENT, Plaintiff in the above-entitled action.

22      2.      I am personally familiar with the facts set forth in this declaration, except for those

23  facts alleged on information and belief, and if called to testify as a witness, I could and would

24  competently testify thereto. I am familiar with the records and court filings in this matter.

25      3.      RGI manufactures spray booths throughout the United States. From automotive

26  spray booths to large cargo booths, RGI creates booth setups for small or large companies, and

27  carries a large array of spray booth products and accessories (collectively "PRODUCTS").

28

-1-

4.     RGI designs, creates, builds and manufactures PRODUCTS, which are then distributed using authorized distributors.

5.     When a potential prospect wants to become an authorized distributor to sell RGI products in the local territory, that prospective distributor is required to complete a rigorous three-day onsite training process to understand RGI products, pricing, types of models, and different types of industries. This training also provides knowledge of how the booths are assembled. RGI also shows the prospective distributors how the equipment is designed and built to make it easy to install.

6.     RGI engages in strict measures to preserve its trade secrets. Authorized distributors may only participate in training at its Tracy, California facility which is a rigorous three-day training. RGI affixes its name and logo on every model, product, plan, drawing and protectable material. RGI closely tracks its sales, which is how it was able to discover that Halverson's sales had decreased once he started competing against RGI with RGI's products. RGI tracks its and competitors' websites to capture any misappropriation of its trade secrets, which is how Fast Rack's misappropriation was uncovered.

7.     After training and after the distributors perform their first sell, RGI recommends that the distributor performs an installation with one of RGI's technicians present to get a sense of the assembly process as they begin talking to potential clients about how the process works.

8.     As RGI distributors, they accompany RGI representatives to trade shows where they obtain knowledge about the industry and the market. One-on-one connections occur on the trade show floor with RGI's client base.

9.     During or before 2019, I first met Michael Halverson, owner of Fast Rack, at a woodworking trade show. At that time, Halverson was only selling his racks and nothing else such as spray booths. I encouraged him to become an authorized RGI distributor as a combination of tools for the end-user.

10.     On September 20, 2019, Halverson arrived at our facilities in Tracy, California where an agreement was formed for Halverson and Fast Rack to serve as a distributor of RGI's PRODUCTS and to participate in a three-day onsite training to learn about the PRODUCTS he

-2-

was about to assist RGI sell. According to our agreement, Halverson and Fast Rack obtained the exclusive right to sell and distribute RGI's PRODUCTS in certain areas and agreed to use their best efforts to promote the sale and distribution of RGI's PRODUCTS. In exchange for the exclusive right to sell and distribute, Halverson and Fast Rack agreed that RGI would be the only brand of products Fast Rack would sell and would avoid any multiline brand sales of similar products.

11.     Halverson continued to distribute for RGI until about June 2023, when I noticed that he was selling less products and receiving less calls and clients. I believe that it was during this time that he began selling products that he had manufactured using RGI's designs and drawings for their own benefit, while he continued to identify he and his company as an authorized RGI distributor.

12.     During the time he served as an authorized RGI distributor, Halverson learned about RGI's PRODUCTS and had access to RGI's research, PRODUCTS plans, drawings, sketches, designs, photos, know-how, customer contact information and pricing information related to RGI's PRODUCTS.

13.     Fast Rack and Halverson acquired enough information during the four-year relationship with RGI that Halverson was very knowledgeable about the PRODUCTS, the pricing and installations. As an authorized distributor, RGI worked closely with Halverson to capture as much attention to the brand, connecting Fast Rack and Halverson to RGI as a partnership.

14.     Unfortunately, sometime before June 2023, Halverson, using his company Fast Rack, began fabricating spray booths and similar RGI products in conjunction with JD Laser and competing against RGI with RGI's own product. RGI's unique PRODUCTS, unlike any other spray booth in the market, were incorporated into Fast Rack's spray booths. Fast Rack did not make spray booths before becoming an authorized RGI distributor.

15.     Stacey Mischker, who I believe was Halverson's sister, worked with RGI's team. She input RGI PRODUCT model numbers and pricing into RGI's product list.

16.     During or about 2022, RGI noticed a decrease in Halverson's calls, sales and client requests for information which led RGI to believe that Halverson was removing business from RGI. I requested several times for Halverson to explain the decrease in sales, but he only stated

that he had "been busy moving locations and got into a new place." I believe it was at this time that Halverson, JD Laser and Mischker were planning and fabricating equipment based on the knowledge and confidential information received during Halverson's RGI training and over the course of his relationship with RGI and while Mischker worked at RGI's offices. We did not know at that time that they were secretly gathering RGI's confidential information to use as a competitor to RGI.

17.     I understand that Halverson and Fast Racks engaged JD Laser, Inc. to assist them in fabricating, manufacturing and building equipment based on RGI's confidential information, and on RGI's models that prominently displayed RGI's logo.

18.     RGI's PRODUCTS are unique to the market because RGI sells many of its PRODUCTS on an image basis, so RGI designs the front of its spray booths to be an image or representation of the client's shop. This front is the signature piece design for RGI considering no one in the market (before Fast Rack's misappropriation) has this design on the front paneling for the equipment.

19.     RGI also designs the exhaust plenums to be centralized for airflow where the filter bank is located in the middle of the working environment for the painter. Other spray booth companies supply full back plenum, which decreases the airflow on the work environment, but RGI's design is a center flow. Plenum allows for the painter to easily apply any type of paint without having to breathe the overspray around the area.

20.     These two items are the main signature designs Halverson, JD Laser and Mischker replicated from RGI's PRODUCTS, and which required access to confidential information to design and fabricate. True and correct copies of photographs of RGI'S PRODUCTS and the products Fast Racks fabricated based on RGI's trade secrets are attached hereto as **Exhibit A**.

21.     RGI will be irreparably harmed if Fast Rack is allowed to continue using and selling products/equipment based on RGI's confidential information.

22.     I am informed and believe that Michael Halverson and Fast Rack Equipment have registered to occupy Booth #547 at The Association of Woodworking & Furnishing Suppliers Fair (AWFS) in Las Vegas, Nevada July 25 – 28, 2023, and will display, use and sell the PRODUCTS and equipment based on RGI's confidential information.

-4-

23.     RGI will also occupy and booth at the July AWFS event and display the same products/equipment that Michael Halverson and Fast Rack Equipment misappropriated from RGI.

I declare under penalty of perjury that the foregoing is true and correct and that I would and could competently testify thereto if called as a witness. Executed this 19th day of July, 2023, in Tracy, California.

_____
NAPOLEON GARCIA

**EXHIBIT A**

FAST_RACK_EQUIPMENT

### Posts

Liked by zkpainting and 25 others

fast_rack_equipment We are almost done with our home remodeling 😊 I love using Orr Fast Rack Equipment for our own home projects! That Fast Rack guy sure knew what he was doing in creating these amazing systems 😄

8 hours ago



    







*The NVME Group, Inc. v. Michael Halverson, et al.*        Case No. STK-CV-UIP-2023-7365

## PROOF OF SERVICE

I, Megan Vijil, declare under penalty of perjury under the laws of the State of California that the following facts are true and correct:

I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. I am an employee of Berliner Cohen, LLP, and my business address is Ten Almaden Boulevard, Eleventh Floor, San Jose, California 95113-2233. On July 19, 2023, I served the following document(s):

DECLARATION OF NAPOLEON GARCIA IN SUPPORT OF THE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

in the following manner:

[ ]    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth below.

[X]    by overnight mail by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

[ ]    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[X]    by e-mail or electronic transmission. Pursuant to Code of Civil Procedure §1010.6, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below.

Attorneys for Fast Rack Equipment, LLC and Michael Halverson
Alexis M. Hedtke, Esq.
AMUNDSEN DAVIS
2800 East Enterprise Avenue
Appleton, WI 54913
Telephone: (920) 996-0000
E-Mail:  ahedtke@amundsendavislaw.com
keismann@amundsendavislaw.com
dzimmerman@amundsendavislaw.com
ckubiak@amundsendavislaw.com
ldolajeck@amundsendavislaw.com

I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service/Express Mail, Federal Express and other overnight mail services, to wit, that correspondence will be deposited with the United States Postal Service/overnight mail service this same day in the ordinary course of business.

Executed on July 19, 2023, at San Jose, California.

_____
MEGAN VIJIL